## TRUMBULL v. ERICKSON.

### (Circuit Court of Appeals, Eighth Circuit. November 13, 1899.)

### No. 1,160.

1. CARRIERS OF PASSENGERS — INJURY TO PASSENGER — CONTRIBUTORY NEGLIGENCE.

It cannot be held, as a matter of law, that a passenger in a crowded railroad car, by surrendering his seat to one less able to stand than himself, is guilty of negligence which precludes his recovery for an injury received through the negligence of the carrier, although such injury would not have been received had he retained his seat.

2. SAME.

A passenger in a crowded railroad car, where the seats and aisle are filled, is not guilty of negligence in standing with other passengers on the platform while the car is in motion.

3. SAME—NEGLIGENCE OF CARRIER—FAILURE TO PROVIDE SEATS FOR PASSENGERS.

It is the duty of a railroad company, having notice of an unusual number of passengers, and which has been instrumental in inducing such extraordinary travel over its line, to provide reasonable seating accommodations for all passengers to whom it sells tickets; and it is liable for an injury to a passenger resulting from its failure to do so.

4. SAME—CONTRIBUTORY NEGLIGENCE OF PASSENGER—INTOXICATION.

The mere fact that a passenger at the time he was injured was intoxicated is not in itself evidence of contributory negligence, but is a circumstance to be considered; and it is for the jury to determine whether it in fact contributed to his injury.

5. SAME—DEGREE OF CARE REQUIRED.

A railroad company running trains for the carriage of passengers is bound to the exercise of the highest degree of care and skill to protect its passengers from injury.

6. SAME—ACTION FOR INJURY—INSTRUCTIONS.

An instruction that, to preclude a recovery by a passenger for an injury, he must himself have "substantially or directly" contributed to the injury, is not erroneous, since it is only acts or omissions which substantially or directly contribute to an injury which constitute contributory negligence.

7. TRIAL—REFUSAL OF INSTRUCTION ASKED.

It is not error to refuse instructions asked, which are based on particular facts or items of evidence, and by thus singling them out give them undue prominence, or which, in stating the evidence, give it a partisan coloring.

8. SAME.

Where the charge given by the court in its own language fully and fairly presents to the jury for their determination all the material issues in the case, it may properly refuse to instruct further.

In Error to the Circuit Court of the United States for the District of Colorado.

This writ of error was sued out to reverse a judgment recovered by John Erickson, the defendant in error, and plaintiff below, against Frank Trumbull, as receiver of the Union Pacific, Denver & Gulf Railway Company, the plaintiff in error, and defendant below. The plaintiff was a passenger on one of the defendant's trains from Denver to Ft. Collins. It was at the close of the "Festival of Mountain and Plain," and all outgoing trains were very much crowded. The defendant had full knowledge of the large number of passengers his trains would be required to carry, having himself advertised the carnival extensively, and, as an inducement to persons desiring to visit Denver on that occasion to take his road, assured them that ample accommodations would be provided for all passengers. The plaintiff obtained a seat in a coach, but

when the car became crowded, and the seats were all taken, he surrendered his seat to two old and infirm women. There being no other seat in that car, he stood in the aisle, which was crowded with passengers, who were alternately pushing forward and backward; and the plaintiff was pushed out on the platform, where numerous other passengers were also compelled to stand. While thus standing on the platform, the train, in making a curve, jolted all the passengers with more or less violence; and the plaintiff was thrown or fell off the car, and was seriously injured. The answer denied negligence, and alleged the plaintiff was guilty of contributory negligence. The jury found the issues in favor of the plaintiff.

Elmer E. Whitted, for plaintiff in error.

Henry J. O'Bryan (J. Grattan O'Bryan, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is alleged that the court erred in refusing to give the jury this instruction:

"You are instructed that if you believe from the evidence that the plaintiff, on leaving Denver, had a seat in one of the coaches, but of his own accord gave it up to some one else, and went upon the platform of the car, either in search of another seat, or for the purpose of riding there, he cannot complain in this action that the defendant did not furnish seats for all of the passengers. The defendant, under these circumstances, must be held to have performed his whole duty to this plaintiff, and is not responsible for any injury which the plaintiff received by reason of having a seat, or by reason of his not having a seat; and you are instructed that the verdict must be for the defendant."

On that point the court, in its charge in chief, instructed the jury as follows:

"The court cannot say, as a matter of law, that a passenger surrendering his seat to one less able to stand than himself should be held guilty of contributory negligence upon that ground. The mere fact of surrendering his seat (as the testimony in this case, it seems to me, shows) to a couple of ladies who were old and infirm, would not, of itself, constitute negligence and relieve the defendant of liability. As I have explained, the burden of proof is upon the plaintiff to establish the defendant's negligence, and that his injuries resulted therefrom, by a fair preponderance of the evidence."

The charge the court gave meets our fullest approval. It properly left it to the jury to determine whether, under the peculiar circumstances of the case, it was an act of negligence on the part of the plaintiff to surrender his seat. The defendant, in effect, asked the court to declare, as a matter of law, that, when an able-bodied passenger in a crowded car surrenders his seat to an infirm old person, he is guilty of an act of negligence. It is a matter of everyday occurrence for passengers on crowded street cars to surrender their seats to women, and to men as well, who are old, crippled, and infirm; and this practice obtains under like circumstances on passenger cars on railroads, also. While the law does not make it obligatory upon a passenger to do this, the consensus of opinion in this country does; and one failing to extend this courtesy, under the circumstances that existed in this case, would justly subject himself to public scorn and censure. It is an act of courtesy which is practiced and approved by all men of ordinary social instincts, and

only a corporation, which is a creation of man, and therefore has neither soul nor conscience nor social instincts, nor any principles outside of its coffers, would seek to have such a polite and gracious act declared one of culpable negligence. "It cannot be held, as a matter of law, that a passenger surrendering his seat to one less able to stand than himself, contributes to an injury caused by the carrier's negligence, but which would not have been received had he remained in his seat." Lehr v. Railroad Co., 118 N. Y. 556, 23 N. E. 889.

Nor was the plaintiff guilty of contributory negligence in standing upon the platform, under the circumstances. The receiver had ample notice that there would be an extraordinary number of passengers on this occasion. He had invited them by alluring posters which assured them they would receive first-class accommodations, which, of course, included seats. All passengers who had tickets that entitled them to go by that train were entitled to seats. The plaintiff held such a ticket,—the return coupon of a round-trip ticket. Under these circumstances, it was negligence in the receiver not to furnish reasonable seating accommodations for his passengers; and the plaintiff was not guilty of contributory negligence by standing upon the platform, with others, when the seats and aisle were full. "The passenger is not guilty of contributory negligence by standing upon the platform while the car is in motion, if there be no vacant seat inside the car. Room inside the cars for the sufficient accommodation of the passengers means a seat for each passenger, not standing room in the passageway." Willis v. Railroad Co., 34 N. Y. 670–681.

There was conflicting evidence upon the question whether the plaintiff was intoxicated at the time, and upon that subject the court told the jury:

"If, from the evidence, you should find that the plaintiff was intoxicated at the time of the injury, this, of itself, does not constitute a defense to the plaintiff's right of recovery, unless you should further find that such intoxication was the proximate cause of the injury suffered by the plaintiff. If his intoxicated condition was the proximate cause of the injury, then he could not recover. The fact of plaintiff's intoxication, if you should find that he was intoxicated at the time of the injury, is, in itself, as a matter of law, not such negligence as would bar a recovery. The mere fact of intoxication will not establish want of ordinary care; nor is it, of itself, more conclusive evidence of his negligence, unless you further find that the intoxication of the plaintiff was the cause, and contributed to the injury. And if it was not the immediate cause, or did not contribute to the injury, it is of no importance; and you should disregard all such testimony, in case you should find that it did not contribute to, and was not the proximate or immediate cause of, the injury."

The charge correctly expressed the law on the subject. The authorities are uniform that the mere fact that a person, when injured, was intoxicated, is not, in itself, evidence of contributory negligence, but that it is a circumstance to be considered in determining whether his intoxication contributed to his injury; if it did, he cannot recover; if it did not, it will not excuse the defendant's negligence. Ward v. Railway Co., 85 Wis. 601, 55 N. W. 771; Keane v. Railroad Co., 61 Md. 154; Ditchett v. Railroad Co., 5 Hun, 165; Railway Co. v. Reason, 61 Tex. 613.

Serious exception is taken to the following paragraph of the charge of the court:

"As to the liability of the defendant, the rule of law is this: That a common carrier, a railroad (in this case, the receiver), is bound to exercise the highest degree of care and skill which a cautious or prudent man would exercise under the circumstances. If it fails to exercise (in this case, if the receiver fails to exercise) that degree of care and skill, and an injury results therefrom, without the party who is injured contributing materially or substantially thereto, then the defendant must respond in damages. It is, also, on the other hand, the duty of a passenger in a train to exercise that ordinary care and prudence which a prudent man would himself observe to save himself from injury. The degree of care on the part of the railroad company (in this case, the receiver) is the highest degree of care and skill. The degree of care on the part of a passenger is ordinary care and skill. Hence, in this case, it is your duty to look carefully at all of the facts and circumstances surrounding the case, to ascertain (1) whether the defendant was guilty of negligence; and (2) whether, if so, the passenger injured (the plaintiff here) did himself substantially or directly contribute thereto, because, if he did contribute thereto, the law does not divide between the respective parties the amount which has been caused,—the amount, I mean, in money or damages caused thereby. There is no rule by which such a division could be had. Therefore the law states distinctly that if a party has himself contributed substantially or directly to the injury, of which he complains, there can be no recovery on his part."

The contention is that this instruction fixed the standard of care, which a railway company is required to exercise in the transportation of passengers, too high. As far back as 1852 the supreme court of the United States, in Railroad Co. v. Derby, 14 How. 486, 14 L. Ed. 509, declared that:

"When carriers undertake to convey persons by the powerful and dangerous agency of steam, public policy and safety require that they be held to the greatest possible care and diligence."

This has ever since been recognized as the correct rule of law as to the degree of care and diligence a railroad company must exercise in the transportation of passengers. The rule is uniformly applied to passenger trains. Railroad Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627; Railroad Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898. There is nothing in this case that exempts the defendant from the operation of the rule. He had invited the crowd, had timely notice of its coming, had promised sufficient accommodations for all that came, and accepted all that applied for passage, as long as there was standing room inside the cars and on the platform.

This instruction is further objected to on the ground that it told the jury that if the plaintiff himself, substantially or directly, contributed to his injury, he could not recover. We think the learned counsel for the plaintiff in error has himself answered this contention, when he says in his brief:

" 'Contributory negligence' means any negligence on the part of the plaintiff which helped or tended to produce the injury. There is no such thing as negligence being contributory, unless it caused, or helped to cause, the accident. The very term itself implies and means that the negligence of the plaintiff and defendant are concurring forces, which, united, produce the injury com plained of; that is to say, that there is an actual, effective, proximate connection between the negligence of the plaintiff and his own injury. In other words, where contributory negligence exists, the accident would not have happened but for the fault or omission of the plaintiff. Contributory negligence,

then, is always material and substantial. It is one of the causes producing the accident."

It is not, however, this language of the charge that is complained of, but the deductions which counsel draw from it. It is said:

"The court, in effect, told the jury that the conduct of Erickson might have been one of the causes producing the accident, that they might believe the injury would not have happened if he had been sober, yet they might, in their wisdom, still determine whether his conduct was such as substantially and materially contributed to his damage."

We are unable to find anywhere in the charge any language warranting the conclusion that the court told the jury, in effect, that the conduct of Erickson might have been one of the causes producing the accident, and that he might recover unless his conduct substantially or materially contributed to his injury. The language of the charge carefully excludes any such idea or deduction. The court told the jury over and over again that if "the plaintiff was negligent, and that negligence contributed to his injury," he could not recover, and that, if his intoxication was the proximate cause of his injury, he could not recover. Any negligence that contributed to his injury was substantial and material. It is impossible to conceive of any kind of negligence that would cause or contribute to an injury that would not be substantial and material.

The defendant preferred 19 requests for special instructions, all of which were properly refused. So far as they stated the law, they were covered by the clear and able charge in chief of the trial judge. Many of the special requests singled out particular items of the testimony, to the exclusion of other evidence in the case which the jury were bound to consider in forming their verdict. The practice of giving undue prominence to isolated facts of a case, by singling them out and making them the subject of special instructions, has been condemned. Smith v. Condry, 1 How. 28–36, 11 L. Ed. 35; Railway Co. v. Ives, 144 U. S. 408–433, 12 Sup. Ct. 679, 36 L. Ed. 485; Mining Co. v. Berberich, 36 C. C. A. 364, 94 Fed. 329. It gives undue prominence to the facts thus singled out, and tends to minimize and disparage other facts of equal or greater importance. They are the kind of instructions that may be multiplied indefinitely, though the party preferring a request for them is careful to limit his request to facts or items of testimony which he conceives make in his favor. A further vice of such instructions is that, drawn as they are from a partisan standpoint, they usually give a partisan coloring to the fact or testimony to which they relate. Such instructions are burdensome, confusing, and misleading to the jury, and ought never to be given where, as in this case, the charge in chief clearly and sharply points out the issues of fact in the case, and leaves the determination of those issues to the jury upon a consideration of all the evidence in the case. "It is the settled law in this court," says the supreme court, "that if the charge given by the court below covers the entire case, and submits it properly to the jury, such court may refuse to instruct further. It may use its own language, and present the case in its own way. If the results mentioned are reached, the mode and manner are immaterial.

The court then has done all that it is bound to do, and may thus leave the case to the consideration of the jury. Neither party has the right to ask anything more. Laber v. Cooper, 7 Wall. 565, 19 L. Ed. 151." Railroad Co. v. Horst, supra.

There are numerous other assignments of error, but such as do not fall within the reasoning of those we have decided are not of any general importance, and have no merit. They have all been carefully examined. The judgment of the circuit court is affirmed.