[L. A. No. 15494. In Bank.—March 25, 1936.]

OLGA SHUEY, Respondent, v. RUTH ASBURY, Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Appellant.

Paul Blackwood and Bingham Gray for Respondent.

CONREY, J.—Action to recover damages for personal injury. Verdict and judgment for plaintiff. The defendant appeals.

■ The court instructed the jury that if the defendant, at the designated time and place, and in violation of section 113 of the California Vehicle Act, drove her automobile at a speed exceeding 20 miles per hour, this act in itself was negligence as a matter of law. This instruction was erroneous, because subdivision (d) of said section 113 provides that where such violation of the speed limit has occurred, the driver "shall not be deemed to have been negligent by reason thereof as a matter of law but in all such actions the burden shall be upon the opposing party to establish that the operation of such vehicle at such speed constituted negligence".

The sole question presented by this appeal arises out of appellant's contention that because of the stated error, the judgment should be reversed. ■ It is now settled law that a judgment will not be reversed by reason of an erroneous instruction, unless upon a consideration of the entire case, including the evidence, it shall appear that such error has resulted in a miscarriage of justice. The usual consequence is, that there will be no cause for reversal unless the evidence indicates that without such error in the instructions the verdict probably would have been different from the verdict actually returned by the jury. In this case a reading of the defendant's testimony as set forth in her own brief is alone sufficient to justify the jury in finding that she was negligent in the driving of her automobile. The admissions by her are such that taken together with the other uncontradicted evidence, the fact of her negligence, and of its resulting effect in causing the injury, is so strongly proved that the jury could not reasonably have found otherwise. In a twenty-mile zone, at a time when there was a heavy movement of traffic, appellant was driving at a speed which she admits was as much as thirty or forty miles per hour; and she did not keep her car under sufficient control to enable her to avoid collision with the plaintiff's car. The evidence shows that the plaintiff's car was in a position where the collision could easily have been avoided had the appellant's car been under proper control.

For the reasons hereinabove stated, the judgment is affirmed.

Waste, C. J., Thompson, J., Curtis, J., Langdon, J., and Seawell, J., concurred.