[Civ. No. 13876.   Second Dist., Div. Two.   Dec. 16, 1942.]

Estate of ETHEL SHERWOOD BUCHER, Deceased. JOHN M. HARRIS, Respondent, v. MORRIS MEL-NIK, Appellant.

Stanley N. Barnes and Henry Haves for Appellant.

Henry T. Moore and Herman Welker for Respondent.

GOULD, J. pro tem.—This appeal brings before this court for the second time proceedings had in connection with the contest of the will of Ethel Sherwood Bucher, deceased. The former appeal is reported in 48 Cal.App.2d at page 465 [120 P.2d 44].

In the original trial, after granting nonsuit as to four of the five grounds of contest, and after refusing to grant proponent's motion for a directed verdict as to the sole remaining ground of contest, namely, undue influence, the court submitted that question to the jury, whose verdict was in favor of contestant. To the question, "Was the will of Ethel Sherwood Bucher dated September 16, 1937, procured by undue influence of proponent, Morris Melnik?", the jurors answered "Yes." Thereupon proponent moved for judgment, notwithstanding the verdict, a motion which the trial court granted, admitting the contested will to probate and appointing proponent as executor thereof. Contestant appealed, and this court reversed the action of the trial court and directed that judgment be entered in accordance with the verdict of the jury, i. e., that the will be set aside. Such judgment was then duly entered by the trial court in consonance with the mandate of this court.

From that judgment this second appeal is taken. Proponent of the will, who was respondent in the first appeal, is now appellant, and contestant, appellant in the former review, appears now in the role of respondent.

Much space is consumed in the briefs in the present

appeal with a discussion of the facts of the case and the evidence adduced at the trial. We do not deem it necessary to review these matters nor to discuss controversial evidentiary items upon this appeal, inasmuch as such were quite fully covered in the opinion from the former appeal, and to that opinion we refer for a review of the facts involved.

According to appellant only one point is involved upon this inquiry. The trial court committed reversible error, it is asserted, because it failed to give in its entirety the following instruction:

"A confidential relationship, such as may exist between physician and patient, is not sufficient to raise any presumption of undue influence. There must in addition be proof (a) of activity in the preparation of the will, (b) to his undue profit, *meaning that there must be proof that the will is unnatural.*

*"A collateral heir (and the contestant here is a collateral heir) if omitted from a will, in order to show that the instrument is unnatural, must show affirmatively that he had a peculiar or superior claim to the decedent's bounty, and if no such claim is adduced the instrument cannot be held to be unnatural."*

Appellant requested the court to give the whole of the above quoted instruction. Instead, the court gave only a portion thereof, striking out the parts which appear above in italics and giving only the remainder. Appellant claims that the instruction so modified contained only a partial statement of the applicable law, and that the deletion as above indicated left the jurors without guidance as to what constituted "undue profit," as related to the presumption of undue influence.

It is to be noted that the point involved in the present appeal was not raised in the former one, either directly or by necessary implication. In fact, in the previous appeal counsel by written stipulation excluded from the record presented to this court, amongst other things, "instructions requested by either party and refused by the court."

In considering appellant's point that failure to give a portion of the requested instruction constitutes reversible error, it is well to look at the instructions as a whole. If the instructions as given, considered as a whole, fairly covered the field of law involved in the case, it is unnecessary that additional instructions, although duly requested and

even if applicable to the case and containing a correct statement of the law, be given. The mere fact that an instruction might with propriety have been given does not impose upon the court the necessity of giving it, and no requirement rests upon the court to give every instruction requested, even if considered by itself, it may be said that it contains a correct and pertinent statement of the law. All that is required is that the instructions as a whole give the jury a correct, fair and comprehensive view of the law pertinent and applicable to the facts and issues submitted to them for consideration.

Reviewing the instructions as given by the trial court herein, it appears that the jurors were advised that there was imposed upon the contestant (respondent herein) the burden of proof at all times; that one may dispose of his property by will as he wishes, even if such disposition be unwise or injudicious; by numerous admonitions the jurors were instructed upon the subject of undue influence, defining the term, the opportunity for its exercise, the presumptions attendant in cases involving a confidential relationship —all in the language requested by the proponent of the will (appellant herein), and certainly not unduly favorable in any particular to contestant. At the request of proponent himself, the court advised: "The only issue remaining for you to decide is: Did the proponent Morris Melnik so unduly influence the testatrix as to substitute his volition or will for that of decedent?" The court then proceeded to elaborate upon the question of the "natural object" of a testator's bounty, and in so doing admonished the jury as follows: "You are instructed that the law recognizes a certain class of relationship to a deceased person as creating what is called 'a natural object of bounty.' This rule places descendants (such as children), the surviving spouse (widow or widower), and the parents of a testatrix, in such a class or category. Nephews, nieces, brothers, sisters, uncles, half-uncles and other collateral heirs are not, because of such relationship, the natural object of a testatrix's bounty. Because a person, contestant or otherwise, is an heir at law of a testatrix, this does not make him the natural object of a testatrix's bounty. John M. Harris, the contestant herein, is a half-brother of decedent's mother. He is in no sense, legally or morally, the natural object of Mrs. Bucher's bounty."

Following this clarification of the status of the parties to the litigation, proponent and contestant, and having definitely advised the jurors that the contestant did not occupy the favored position of a natural object of decedent's bounty, the court addressed itself to the instruction which is the especial object of attack on this appeal. The court correctly stated the law that a confidential relationship of itself is not sufficient to raise any presumption of undue influence, and that there must in addition be proof of activity in the preparation of the will to the undue profit of the beneficiary. The omitted portion of the requested instruction went on to describe the term "undue profit," and repeated the assertion that the contestant was a collateral heir. In essence appellant's complaint resolves itself into the objection that the jurors were not advised more elaborately as to what is meant by the phrase "undue profit."

In at least two cases California courts have held (*Estate of Lances,* 216 Cal. 397 [14 P.2d 768]; *Estate of Bucher,* 48 Cal.App.2d 465 [120 P.2d 44]) that in circumstances such as exist here, where the proponent and sole beneficiary of the will, occupying a confidential relationship to the testator and actively participating in the preparation of the will, received the entire estate to the exclusion of the natural heirs, that of itself is a sufficient showing of "undue profit." As said in the Lances case, in which testator's attorney was the sole beneficiary: "There is . . . an uncontradicted showing that he unduly profited by the terms of the will; he was to receive the whole of the estate, representing a very substantial amount and to the prejudice of the heirs of decedent." And in the Bucher case: "The question as to whether the proponent unduly profited by the will is solved by the terms of the will itself. [Citing a case.] He got thereby the entire estate. . . ."

In the light of these holdings it may be said that under circumstances and uncontradicted facts as here disclosed the question of undue profit becomes a question of law alone, and that no further instruction upon the point is necessary. The jurors could have reached no other conclusion than that proponent acted to his "undue profit."

In the former Bucher estate appeal the question of the activity of proponent in the preparation of the will was discussed at length, and it was by the decision in that appeal determined that the activity of the physician in the

preparation of the will of his patient was sufficiently established to give evidentiary support to the jury's verdict setting aside the will.

Also, upon the question of whether the activity in the preparation of the will and the testament resulting therefrom eventuated to the undue profit of the proponent there can be but one answer—the one given by the appellate court in the first appeal: "The question as to whether the proponent unduly profited by the will is solved by the terms of the will itself. [Citing a case.] He got thereby the entire estate of the decedent."

With the record in this condition—the question of undue activity in preparation of the will determined by the former appeal, and the question of undue profit not only appearing without contradiction by the terms of the will itself, but also being established by the pronouncement of the decision on that former appeal—it would appear that the contentions of proponent upon this appeal are fully answered. No further instruction upon the subject of undue profit, under the circumstances disclosed in this case, was necessary.

Even if an erroneous instruction be given, a judgment will not be reversed unless, as stated in *Shuey* v. *Asbury*, 5 Cal.2d 712 [55 P.2d 1160], "upon a consideration of the entire case, including the evidence, it shall appear that such error has resulted in a miscarriage of justice." In our present consideration it is admitted that the instruction as given was proper and free from error, as far as it went. The only complaint is that it did not go far enough; and, as we have pointed out heretofore, the jury was fully advised in all the essential points involved in other instructions. Surely it cannot be said that had the additional portion of the instruction been given the jury's verdict probably would have been different from that actually returned. Nor does it appear that there has been a miscarriage of justice. Unless it so appears there is no cause for reversal, by the test laid down in *Shuey* v. *Asbury*, last above cited.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1943.