[Civ. No. 14654. Second Dist., Div. Two. Apr. 17, 1945.]

CATHERINE DRURY, Appellant, v. CLARENCE H. HAGERSTROM et al., Respondents.

Chas. G. Young for Appellant.

Reginald I. Bauder for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover damages for the death of plaintiff's husband alleged to have been caused by the negligence of defendants, plaintiff appeals.

The evidence being viewed in the light most favorable to defendants (respondents) and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

Shortly after midnight of May 20, 1943, Harold C. Rhoades, an employee of defendants, was driving a large truck and trailer in a southerly direction on San Fernando Road where it intersects Chevy Chase Drive. At the same time plaintiff's husband, Mr. Drury, was crossing from the east to the west side of San Fernando Road at a point 10 feet outside of a marked crosswalk. The forepart of the truck passed Mr. Drury, who continued to walk in a westerly direction walking into the side of the vehicle with resulting injuries from which he died.

Plaintiff urges reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

First: *The judgment is not supported by the evidence.* This proposition is without merit. Mr. Rhoades, the driver of defendants' truck, gave evidence from which the jury was justified in finding the facts set forth above.* From the facts

---

*Witness Rhoades testified in part as follows:

"Q. Having gotten into San Fernando Road some blocks north of Chevy Chase, as you turned into Chevy Chase, in what line of traffic were you traveling? A. The center lane. . . .

"Q. As you approached Chevy Chase what was your speed? A. Between 20 and 25 miles an hour. . . .

"Q. As a matter of fact when you passed Mr. Drury on the highway there, in place of Mr. Drury being standing up he was lying down on the street, was he not? A. No, sir; he was standing up when I passed him with the truck.

"Q. And 10 feet of your truck had passed him at that time? A. Yes, sir.

"Q. And he was four feet to your left away from the truck? A. Yes, sir.

thus found, the jury impliedly found that defendants were free from negligence and that the deceased met his death as the result of his own contributory negligence in walking into the side of defendants' truck. Under well established rules in this state we must disregard conflicting testimony and inferences which the jury might have drawn from the evidence but did not. (See *Estate of Isenberg, supra.*)

 Second: *The trial court committed prejudicial error in receiving evidence that decedent was inebriated at 3 p. m. on May 20, 1943, for the reason that such evidence of intoxication was too remote from the time of the accident.*

This proposition is untenable. It is the rule in California that remoteness of evidence of intoxication does not make such evidence inadmissible but is a fact to be considered by the trier of fact in determining the weight to be given such evidence. (*People* v. *Collins*, 195 Cal. 325, 351 [233 P. 97].

"Q. Where was this woman when you first saw her? A. About a foot north of the crosswalk.

"Q. About what? A. About one or two feet north of the crosswalk.

"Q. Mr. Drury was in the crosswalk, was he? A. He was not. He was 10 feet from the crosswalk.

"Q. Which side? A. North of the crosswalk.

"Q. Where was Mr. Drury after the impact? A. At the north edge of the crosswalk.

"Q. Do you recognize the tree here? A. Yes sir.

"Q. You recognize this as San Fernando Road (indicating)? A. It is different.

"Q. Is it different? A. Yes, the street runs at an angle. This is in line with the west curb of the street.

"Q. Which way would you say Chevy Chase run? Is it an angle towards this direction or towards the northeast or northwest?. (Indicating) A. Towards the northwest.

"Q. Just where was Mr. Drury's body lying after the impact? A. Right along in here. (Indicating)

"The Court: Right about there (indicating)? A. Yes.

"The Court: That will be marked 'Drury, Rhoades'.

"Q. By Mr. Young: Do you mean to say that he was lying on the north line of the crosswalk? A. Yes, sir.

"Q. Is that correct? Now how far west of the center line would you say Mr. Drury was? A. I couldn't say.

"Q. Approximately how far? A. I wouldn't say. I don't remember the exact distance. I would say approximately four feet.

"The Court: Now then, where was he at the time you first saw him when you say you passed him with the cab? A. About here.

"The Court: Right on the line? A. Yes, sir.

"The Court: That will be marked 'X-4'; that will also be marked 'Drury', and in the margin 'Rhoades'.

"Go ahead, counsel.

"Q. By Mr. Young: When you saw Mr. Drury, he was in the double line in the center of the street, is that correct? A. Approximately so.

"Q. And how far north of the crosswalk would you say that was? A. About 10 or 15 feet. . . ."

See, also, 2 Wigmore on Evidence (1940), p. 31, § 235; 3 Nichols Applied Evidence (1928), p. 2680, § 9.)

■ Third: *The jury reached its verdict through prejudice and passion.*

This proposition is also without merit. Defendants' attorney stated to the jury that he expected to prove that decedent was in a very drunken condition at 3 p. m. on May 20, 1943. Subsequently, evidence in support of such statement was properly admitted by the trial judge. There was also evidence that decedent was drinking beer about 11:30 p. m., May 20, 1943, which was approximately one-half hour before the fatal accident. It was for the jury to determine from such evidence whether or not in their opinion decedent was intoxicated at the time of the accident, and whether such intoxication was a factor contributing to the unfortunate occurrence. (*Coakley* v. *Ajuria*, 209 Cal. 745, 752 [290 P. 33]; *Trumbull* v. *Erickson*, 97 F. 891, 893 [38 C.C.A. 536].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1945.