[Civ. No. 7120.   Third Dist.   June 29, 1945.]

WALTER FUCHSLIN, Respondent, v. A. W. HAYES et al., Appellants.

Van Dyke & Harris for Appellants.

A. Brooks Berlin and A. Dal Thomson for Respondent.

PEEK, J.—This is an appeal by defendants and cross-complainant from a judgment rendered against them for damages arising out of a collision between a truck and trailer of plaintiff which was being operated by his employee, one R. F. Butler, and a truck and trailer belonging to defendant Hayes and driven by his agent, the defendant Gilbert.

Plaintiff by his complaint sought damages against the defendants by reason of the alleged negligent operation of defendant's truck and trailer by Gilbert. By their answer and cross-complaint defendants admitted that the Hayes truck and trailer had become disabled on the highway but denied that any carelessness or negligence of either of them contributed to the accident, and as a further defense alleged the accident and resulting damage was caused solely by the careless and negligent operation of plaintiff's truck and trailer by Butler.

The case was tried before the court sitting without a jury. At the conclusion thereof findings were adopted favorable to plaintiff, and judgment was entered accordingly.

The admitted and only uncontradicted facts are that defendant's truck and trailer loaded with lumber were being driven in a southerly direction along Highway 99E at approximately one o'clock a. m. Said equipment was eight feet wide and had an overall length of fifty-six feet. At a point approximately four miles south of Live Oak in Sutter County, California, an auxiliary fuel tank came loose and fell under the wheels of the trailer. Upon application of the brakes by the driver, the trailer went out of control causing the truck to swerve to the left, spilling the lumber on the highway. When the truck was finally stopped it was entirely within the north bound lane of traffic, heading south, and the trailer extended diagonally across the highway in such a manner as to partially obstruct

the south bound lane. Immediately in front of the truck was a culvert guarded by concrete abutments at each side of the highway. The highway at this point was originally eighteen feet in width but had been widened to a width of twenty-two feet by the addition of cement shoulders two feet wide. The culvert, however, had not been widened and was therefore four feet narrower than the highway. Shortly thereafter plaintiff's truck and trailer, loaded with cattle, which likewise was proceeding in a southerly direction, struck the rear of defendant's stalled trailer. One flare had been placed in a disputed spot at a disputed distance from the rear of the stalled equipment. No lights were burning on the trailer, the connection between the truck and trailer having been disconnected when defendant's driver uncoupled the trailer from the truck. The headlights on the truck were burning. Prior to the accident, one truck and two busses, after coming to a complete stop, proceeded on past the stalled truck and trailer.

The balance of the pertinent evidence is in complete conflict. Gilbert testified that he placed the flare in the center of the highway approximately thirty-five steps to the rear of the trailer. Other witnesses stated it was placed upon a pile of lumber near the trailer, while others stated it was anywhere from twenty-five to fifty feet to the rear of the wreck. There was even disagreement on the condition of the weather, some stating there were fog pockets, others stating it was a clear, dark night.

The driver of plaintiff's truck and trailer testified that he was traveling 35 to 45 miles per hour when he saw the flare 150 or 200 feet away; that within the next 50 to 100 feet he saw the lumber, and had reduced his speed to 25 or 30 miles per hour; that upon seeing the lumber he turned to the right on to the shoulder and then saw a concrete culvert immediately in front of defendant's truck; that in endeavoring to turn back on to the highway and go between the culvert and the stalled equipment he struck the trailer, his truck veering off and turning over on the culvert, and that at the time of the impact he was traveling 20 to 25 miles per hour. His equipment was 8 feet wide.

Appellants' sole contention is that the judgment and the findings of fact upon which it is based are both contrary to law and the evidence. The court, in the particular finding attacked by appellants, followed the language of appellants' pleading,

and found that the plaintiff's driver Butler was not, at the time of the accident, operating the truck carelessly or negligently and that "the said accident and resultant damage was not caused solely, entirely and proximately by the carelessness and negligence of said Raymond Butler in the operation of said truck and trailer." Appellants then conclude that if such finding can be construed as a finding that plaintiff, through his agent, was not guilty of contributory negligence, said finding is without the slightest evidentiary support in that plaintiff's agent was as a matter of law contributorily negligent.

It is the well established rule that in reviewing the evidence "all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible." (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

It is equally well established that to maintain the defense of contributory negligence as against the judgment of the trial court "the evidence must be such that the appellate court can say that there is no substantial conflict on the facts, and that from the facts reasonable men can draw but one inference, which inference points unerringly to the negligence of the plaintiff proximately contributing to his own injury." (*Crawford* v. *Southern Pacific Co., supra.*) In other words, the record on review must present what the Supreme Court, in *Seller* v. *Market Street Railway Co.*, 139 Cal. 268 [72 P. 1006], referred to as a "rare" instance, which enables a court to say under the particular circumstance that as a matter of law, negligence has been shown. Such cannot be said of the present case.

The fact that the record discloses that others were able to successfully pass defendant's stalled equipment or that plaintiff's driver did not act at all times as another might under the circumstances is not determinative of the question of his negligence. There can be no set standard of the decree of ordinary care in the operation of vehicles upon the highways to which all must account. That question was one of fact addressed solely to the trial court, and its conclusions are binding upon us. We cannot substitute our deductions for those of that court even though we might feel from our reading of the record that the evidence in support of plaintiff was not

particularly persuasive. (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689].) The power of this court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court (*Crawford* v. *Southern Pacific Co., supra*), and we conclude there is.

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.