[Civ. No. 14764. Second Dist., Div. Three. July 9, 1945.]

CARL S. GRANATH, Respondent, v. CECIL R. ANDRUS et al., Appellants.

Joseph A. Ball for Appellants.

W. N. Deatherage for Respondent.

DESMOND, P. J.—In this action arising out of a collision between an automobile and a truck with trailer a jury awarded the plaintiff $5,000 damages against the driver of the truck and the owners thereof; also found in favor of the plaintiff on a cross-complaint filed by the owners. The appeal is from the judgment in favor of the plaintiff and against the defendants "and from the whole thereof."

The accident took place in the city of Long Beach at the intersection of Anaheim Street and Orange Avenue. These streets cross at right angles, Anaheim running in an easterly-westerly direction and Orange Avenue extending in a northerly-southerly direction. Anaheim Street is a "through highway," as defined under section 82.5 of the Vehicle Code of the State of California, i. e. ". . . a highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same, and when stop signs are erected as provided in this code." The plaintiff testified that on July 14, 1943, at approximately 7:40 a. m., he was driving his Plymouth automobile in a southerly direction on Orange Avenue. As he approached its intersection with Anaheim Street, he came to a stop opposite a sign which had been erected on the northwest corner. He first looked toward the east and noticed two or three automobiles traveling in a westerly direction. He then looked to the west and saw the truck and trailer being driven toward the east by the defendant Andrus. At that time the truck had just cleared the intersection at Anaheim Street and Alamitos Avenue, the next street corner toward the west, and the amber light was on but the trailer was still within the intersection. Looking again toward the east after the westbound automobiles had passed him, and seeing no cars approaching from that direction, plaintiff started straight ahead, looking to the south, and just before he reached a point approximately halfway through the southwest quadrant of the intersection the truck and trailer, which he then saw only

ten feet to the west, struck his automobile, the serious damage complained of then ensuing.

Appellants concede that the evidence was sufficient to prove that Andrus, the driver of the truck and trailer, which measured fifty feet in length, was negligent in the operation of those vehicles, but claim that the judgment in favor of the plaintiff should be reversed on the ground that he was guilty of contributory negligence as a matter of law. They argue that respondent, after starting to the south in low gear and at the rate of five to ten miles per hour, had ample time and opportunity "to look again to the west to see whether that fast approaching truck might then constitute an immediate hazard."

Counsel for respondent, however, takes the position that his client, having surveyed the situation before he moved into the intersection in a southerly direction was justified in determining at that time that the truck and trailer did not constitute an immediate hazard because of their great distance from him when he first saw them. (And it may be said, parenthetically, that a witness for the defendants corroborated the plaintiff's statement that the truck and trailer was partly through the intersection when the signals changed.) A diagram filed as an exhibit in this case shows that the intersection of Orange Avenue and Alamitos is over 400 feet west of the intersection where the collision occurred, and we note that section 552 of the California Vehicle Code, which, at the request of both plaintiff and defendants, was given as an instruction, reads as follows: "The driver of any vehicle which has stopped as required by this code at the entrance to a through highway shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so about to enter or cross the through highway." Plaintiff, testifying under cross-examination, stated that he made no estimate of the speed of the truck and trailer when he first saw them but he thought they went "a pretty good speed." He explained, however, that as he entered the intersection he did not look to see if the truck and trailer were near enough to possibly cause a collision *"because I*

*thought I had plenty of time to cross the street, while the truck goes from one end of the block to the other,"* and, "I looked before I started out. Then I looked right straight south to see so I would not run up against anybody. Q. You looked once and then didn't look again? A. No, not until I heard him. Q. When you started into the intersection, didn't you tell us that when you started up at that time, you again looked to the east to see any cars? A. I looked before I started. Q. Before you started, you looked to the east to see that there were no cars coming from the east that would block your passage going west? A. Yes. Q. When you entered into the east bound lane, across this center line, did you or did you not also look to the west to see if there were any cars or trucks which might be coming? A. No. Q. *You didn't look?* A. *Because I was sure there was none more than the truck coming.* Q. You found out later you had made a mistake in your judgment. A. I didn't make a mistake because *there ought to be plenty of time to cross the street when a truck goes from one end of the block to the other.* . . . Q. You relied upon your judgment, didn't you? A. Yes. Q. When you were at the boulevard stop sign? A. Yes. Q. *You made up your mind at the boulevard stop sign that you could cross at that time?* A. *Yes.* Q. *And you relied upon your judgment at that point in going across the street?* A. *Yes.* Q. Do I state that correctly? A. Yes. Q. If I am unfair, I want you to say so. A. That is right. Q. *That's the reason you didn't look again to see if any traffic was coming, is that right?* A. *Yes."* (Italics ours.)

The diagram, heretofore referred to, shows that Anaheim Street is only fifty feet wide between curbs at its intersection with Orange Avenue. It is clear from the testimony, as quoted, that plaintiff did not enter the intersection without first looking both to the east and to the west and satisfying himself, from his observations, that without another westward glance he could cross this fifty-foot street and not incur the risk of colliding with a vehicle which a moment before he had seen over 400 feet away. Instead he "looked right straight south to see so I would not run up against anybody."

It is apparent that plaintiff misjudged the speed of the truck and was mistaken as to his ability to cross Anaheim Street in front of it with safety. However, every mistake of judgment is not negligence, for mistakes are made even in the exercise of ordinary care. In a situation like the present, the

language of the court in *Couchman* v. *Snelling* (1931), 111 Cal.App. 192 [295 P. 845], at page 195, is apropros: "The circumstances under which a court can declare that certain acts constitute contributory negligence as a matter of law are rare. (*Swartz* v. *Acme Express & Drayage Co.*, 102 Cal.App. 615 [283 P. 358].) It can seldom happen that the question is so clear from doubt that the court can undertake to say as a matter of law that the jury could not fairly and honestly find for the plaintiff. (*Schierhold* v. *North Beach & M. R. R. Co.*, 40 Cal. 447, 453.) The question is usually one of fact and becomes a question of law only when the evidence is of such a character that it will support no other legitimate inference. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 P. 513].)"

It was for the jury in the instant case to determine whether plaintiff used ordinary care under the circumstances. While there was room for a difference of opinion upon this point, we cannot say that the conclusion of the jury that plaintiff did exercise ordinary care was altogether unreasonable.

The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.