[Civ. No. 7458. Third Dist. July 20, 1948.]

OLLIE M. JONES, Appellant, v. FRANK FAT, Respondent.

 

Roy Daily for Appellant.

Bronson, Bronson & McKinnon for Respondent.

PEEK, J.—This is an action for alleged wrongful death brought by appellant as the mother and sole surviving heir of one Carl Brown, an adult, who, while crossing East El Camino Avenue in North Sacramento shortly after midnight on the morning of May 16, 1945, was struck and killed by a car being driven by defendant Frank Fat. Defendant's answer denied negligence and alleged contributory negligence. Plaintiff has appealed from the judgment entered pursuant to the verdict of the jury in favor of the defendant and from the order denying her motion for a new trial.

Substantially all of the evidence concerning the pertinent facts of the accident was given by the defendant on his examination under section 2055 of the Code of Civil Procedure, and may be summarized as follows:

At the time of the accident he was alone and driving home from his restaurant in Sacramento. The brakes and lights on his car were in good condition although he had no recollection of when either was last inspected. The weather was good but it seemed rather dark, there being no street lights in the area where the accident occurred. Immediately before the impact he was traveling between 25 and 30 miles per hour in an easterly direction on El Camino Avenue just to the right of the center or passing line. The street was clear and he had an unobstructed view. When he was about 90 feet past Empress Street he noticed "some kind of shadow, just a black shadow," and immediately thereafter realized he had struck something. He drove on and parked his car at the next corner and came back. He was unable to state positively whether or not he applied his brakes at the time of the impact, but stated that he "tried" to do so. He stated that he did not know whether or not he dragged the body. After finding the body of the decedent at a point which he estimated as being about 66 feet from the point of impact, he called two men asking them to call an ambulance.

Alonzo F. Seamans, who was called as a witness for plaintiff, testified that he was in a bar on the evening in question and shortly before it closed at 12 o'clock he had one beer with decedent. Thereafter the witness left with a friend, and as they crossed the street he noticed the decedent about 30 or 40 feet behind them but did not see defendant's car strike him.

Chief of Police Wilson, of the North Sacramento Police Department, also called as a witness for plaintiff, testified that dirt and debris were found about 90 feet easterly from the crosswalk of Empress Street, that there were no skid marks but there were scrape marks on the street from the point of impact to where the body was found some 66 feet away, and 3 feet from the curb. He also testified the weather was clear but visibility was not good.

The remaining witnesses called by plaintiff merely testified as to the sobriety of decedent.

The pertinent testimony of Officer Garihan, the only witness called by defendant, was that decedent was intoxicated when he first saw him at about 11:20 o'clock in the evening, that the decedent was dressed in dark clothes and that the lighting at the scene of the accident was very bad.

Appellant's first contention, which is made without citation of authority, is that the intoxication of decedent must have been such as to constitute an offense within the prohibition of Vehicle Code, section 565 before it could be the basis for a defense of contributory negligence, and as there was no evidence that decedent was intoxicated when he crossed the street, the trial court erred in not permitting evidence to be introduced concerning the events occurring during the 45-minute period immediately prior to the accident and particularly at the time the witness Officer Garihan saw and talked to Brown. However, our examination of the record shows that such evidence would have been given by Officer Garihan had not counsel for plaintiff objected to its admission.

It is readily apparent from the record that the intoxication, if any, of the decedent, was not the only evidence bearing on the question of contributory negligence as said counsel contends nor was it so relied upon by defendant. Such evidence was but one of several facts on this issue. (*Drury v. Hagerstrom,* 68 Cal.App.2d 742 [157 P.2d 878].) The record conclusively shows without contradiction that the headlights of defendant's car were normal and burning; that

decedent was dressed in dark clothing; that he was not crossing at an intersection but was jaywalking, and therefore under section 562 of the Vehicle Code was obliged to yield the right of way to defendant—all of which was in addition to the element of intoxication. It cannot be denied that from such facts reasonable minds might well draw the same conclusion as that reached by the jury herein: that decedent was contributorily negligent. (*Finkle* v. *Tait,* 55 Cal.App. 425 [203 P. 1031]; *Fox* v. *Sherwood,* 7 Cal.App.2d 265 [45 P.2d 1026].)

Secondly, appellant contends that defendant was guilty of negligence as a matter of law in that at the time the accident occurred he was driving within the city limits in excess of 25 miles per hour, citing *Satterlee* v. *Orange Glenn School District,* 29 Cal.2d 581 [177 P.2d 279]. The only evidence on the question of speed was that of defendant who testified he was driving between 25 and 30 miles per hour. Section 513 of the Vehicle Code specifically provides that mere proof of speed in excess of the specified limit is not negligence as a matter of law, and that in all civil actions where proof of speed is introduced "it shall be necessary to establish as a fact that the operation of a vehicle at such excess speed constituted negligence." Thus speed in excess of the specified limits amounts to negligence only if in fact the circumstances surrounding the operation of the vehicle at such speed constitutes negligence. Obviously such a question is one of fact for the jury. This was recognized in the Satterlee case, *supra,* cited by counsel for plaintiff, where, at page 588, the court stated: ". . . section 513 of the Vehicle Code now makes it necessary to establish as a fact that the operation of a vehicle at a greater than prescribed speed constitutes negligence."

The judgment and order from which appellant appeals are affirmed.

Adams, P. J., and Thompson, J., concurred.