[Civ. No. 7504. Third District. Feb. 1, 1949.]

E. H. DOWNING, as Guardian, etc., Respondent, v. ADOLPH SILBERSTEIN et al., Appellants.

Dana, Bledsoe & Smith, Coombs & Dunlap and A. Dal Thomson for Appellants.

Arthur C. Huston, Jr., for Respondent.

ADAMS, P. J. — Plaintiff, father of Claude Downing, a minor aged 20 years, brought this action as guardian *ad litem* of said minor, to recover damages for injuries sustained by the boy in a collision alleged to have been due to negligence on the part of Mrs. Silberstein in her operation of an automobile owned by Mr. Silberstein, her husband.

Plaintiff sued for $22,726.45, and a trial jury returned a verdict for $10,000. A motion for a new trial made by defendants upon all of the statutory grounds was denied, and they have appealed from the judgment and the order denying a new trial. No appeal has been taken by plaintiff.

Grounds for reversal relied upon by appellants are, first, that the damages awarded by the jury are so inadequate as

to establish that the verdict must have been the result of a compromise, and, therefore, that defendant never had a true verdict on the issue of liability; second, that Claude Downing was guilty of contribuory negligence as matter of law; and, third, that the trial court gave "formula" instructions which were erroneous and prejudicial.

Regarding the first of these grounds appellants state that Claude Downing's injuries were so serious as to incapacitate him for the remainder of his life, and that, under these circumstances, the only manner in which the verdict may be accounted for is that the jury compromised; and that a new trial should have been granted on all the issues, especially the question of defendants' liability.

The evidence shows that special damages suffered by the injured party amounted to $1,736.13, wherefore the allowance for general damages amounts to $8,263.87. While, in view of the extent of the injuries and the present value of the dollar, it may well be said that the allowance for general damages is inadequate, can it be said that such allowance was so insubstantial as to compel the conclusion that some of the members of the jury surrendered their convictions as to the liability of defendants in exchange for an inadequate award of damages? We think not.

In *Hughes* v. *Schwartz*, 51 Cal.App.2d 362 [124 P.2d 886], plaintiffs, the widow and children of Fay Edward Hughes, who was killed by an automobile driven by defendant, were awarded a verdict of but $1,250. The trial court granted plaintiffs a new trial on the issue of damages alone on the ground of inadequacy, and defendant appealed, contending that the record showed, as matter of law, that the verdict was the result of a compromise on the issue of liability, and that the trial court abused its discretion in limiting the new trial to the question of damages. The court held, however, that where, as was the case there, a substantial though inadequate award of general damages was made, the question as to whether a new trial should be limited to that issue rested within the discretion of the trial court, and no abuse of such discretion was shown, saying that the award, though obviously inadequate, was by no means nominal, and it could not be said that, as a matter of law, such verdict, simply because of inadequacy, was the result of a compromise. The order appealed from was affirmed, and the Supreme Court denied a hearing.

The Hughes case was cited with approval in *McNear* v. *Pacific Greyhound Lines,* 63 Cal.App.2d 11 [146 P.2d 34].

in which case, after a verdict awarding $8,200 for personal injuries, a new trial was granted plaintiff on the issue of damages alone. Special damages suffered were shown to be $3,108.62, leaving but $5,000 for general damages. Defendant moved for a new trial on all issues, but its motion was denied. In affirming the judgment the appellate court said that the award of $5,000, though inadequate, was substantial, and sufficient to justify the conclusion of the trial court that it was not the result of a compromise on the issue of liability, citing among other cases, the Hughes case, *supra*. A hearing by the Supreme Court was denied in that case also.

In *Tornell* v. *Munson,* 80 Cal.App.2d 123 [181 P.2d 112], this court upheld a denial by the trial court of defendant's motion for a new trial on all issues, which motion was based upon the ground that inadequacy of the award showed that the verdict was the result of a compromise on the question of liability. It was there said that if the jury awarded some general damages, although inadequate, the order of the trial court, if otherwise correct, must be sustained. Hearing of that case was also denied by the Supreme Court.

In the foregoing decisions cases cited and relied upon by these appellants are considered and distinguished. They are readily distinguishable from the instant case. Also see *Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383, 390 [121 P.2d 829] ; *Zeller* v. *Reid,* 26 Cal.App.2d 421, 425-426 [79 P.2d 449], and other cases cited in *Hughes* v. *Schwartz, supra.*

█ Regarding appellants' second contention — that the young man was guilty of contributory negligence as matter of law—it may well be noted, first, that in *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826], the Supreme Court said that the burden of proving contributory negligence is upon the defendant (19 Cal.Jur. 697-699) ; that, though true, contributory negligence may be found by the trier of fact from the plaintiffs' own evidence, cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare; that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists, that reasonable or sensible men could have drawn that conclusion and none other, that where there are different inferences that may be drawn, one for and one against, the one against will be followed, and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion.

Numerous cases supporting that rule are there cited. Other more recent cases are *Pewitt* v. *Riley,* 27 Cal.2d 310, 316 [163 P.2d 873]; *Rice* v. *California Lutheran Hospital,* 27 Cal.2d 296, 303 [163 P.2d 860]; *Kirk* v. *Los Angeles Ry. Corp.,* 26 Cal.2d 833, 838 [161 P.2d 673, 164 A.L.R. 1]; *Fuchslin* v. *Hayes,* 70 Cal.App.2d 16, 19 [160 P.2d 50]; *Granath* v. *Andrus,* 70 Cal.App.2d 99, 103 [160 P.2d 129]; *De Priest* v. *City of Glendale,* 74 Cal.App.2d 464, 471 [169 P.2d 17]; *La Malfa* v. *Piombo Bros.,* 70 Cal.App.2d 840, 850 [161 P.2d 964]; *Couch* v. *Pacific Gas & Elec. Co.,* 80 Cal.App.2d 857, 866 [183 P.2d 91]; *Cavagnaro* v. *City of Napa,* 86 Cal.App.2d 517, 524-525 [195 P.2d 25].

■ The evidence shows that the collision of young Downing's motorcycle and defendants' automobile occurred in front of a store just north of an intersection, in the town of Monticello, and on the state highway which there runs north and south, the view south therefrom being unobstructed for some 1,300 feet. Mrs. Silberstein had stopped her car at the store on the east side of the street, to put air in a tire. She then drove onto the highway which she desired to cross into the west traffic lane. There was testimony that she pulled away from the store onto the road, then stopped when Downing's motorcycle, traveling between 35 and 40 miles per hour, was about 300 feet away; that Downing then turned his motorcycle to the left, to go in front of her, when her car suddenly started up and "shot out quick"; that Downing, then about 100 feet from her, turned his motorcyle to the right in an attempt to go behind the car, when the motorcycle turned over on its side and slid into the automobile. A bystander who was standing in front of a hotel south of the store testified that he saw Downing proceeding north on the right-hand side of the street near the center; that just before he came to the store defendants' car pulled out toward the center of the street and stopped before it got to the center; that Downing pulled to the left to go around it, but when it started up he turned to the right; that his speed was 35 to 40 miles per hour.

Appellants argue, in support of their contention that Downing was guilty of contributory negligence as matter of law, that he "zigzagged" his vehicle first to the left and then to the right, and that his speed was excessive. But zigzagging was denied by witnesses except that Downing attempted to avoid a collision by the two turns that he made; and it cannot be said, as matter of law, that his conduct in so doing

constituted contributory negligence. The wisdom of his conduct presented no more than a question of fact for the jury, which it resolved in his favor. Appellants also say that had he been operating at "a reasonable speed and with any care at all" the accident would not have happened. ■ However, the speed of the motorcycle cannot be said to have been unnecessarily excessive, under sections 510-513 of the Vehicle Code. Whether or not it was excessive, and, if so, constituted contributory negligence on the part of Downing, were questions of fact for the jury. The same question was before this court in *Jones* v. *Fat*, 86 Cal.App.2d 823, 826 [195 P.2d 933], and there held to present a question for the jury under section 513 of the Vehicle Code. Also see our recent decision in *Bonebrake* v. *McCormick* *(Cal.App.), [201 P.2d 558], and cases there cited, to the same effect.

■ Appellants' third contention regarding error on the part of the trial court in the giving of what they refer to as a formula instruction, was not raised in their original opening brief, but is contained in a supplement thereto filed two months later, in which it is stated that it was overlooked in the preparation of the opening brief. The instruction complained of was given when the jury returned to the court for further advice, it being then stated that they were standing "seven for acquittal." The record indicates that the members of the jury were uncertain as to whether they should first determine the amount of damages to be awarded, or first, as it was stated, find "they are guilty or the opposite, not guilty, and still grant them a price. Can we bring in a verdict of guilty· or must a verdict of guilty be made first before we can fix a price?" The court then stated that it had already instructed that they should first determine whether or not the defendant was guilty of what was termed negligence, then determine whether or not the plaintiff was guilty of contributory negligence; that if they found defendant was guilty of negligence and plaintiff was not guilty of contributory negligence, they then should go ahead and find out what the damages were. It also said that if they found the other way around, for the defendants "on either she was not negligent, or that the defendant was, or that plaintiff was guilty of contributory negligence, then you don't have to be concerned with the amount; you find for the defendant, and that is the end of it."

*A hearing was granted by the Supreme Court on March 10, 1949.

The foreman then asked that the court make it a little clearer, saying that some of the jury wanted to have a price established, while others seemed to think they must first find them guilty.

"THE COURT: That is right; the others are correct.

"THE FOREMAN: Yes. You have to find them guilty.

"MR. DANA: Finding liability on those two issues first.

"THE COURT: Yes.

"MR. DANA: That is right.

"A JUROR: You have to find them all guilty first.

"THE COURT: No.

"MR. DANA: Will you state it again, Judge, to them?

"THE COURT: This is what they claim—this is boiled down: Plaintiff in the action claims that defendant driving the car was negligent in the operation of the automobile and that that negligence caused the accident. Now you have to decide that: Decide whether or not she is negligent. If you find she was not negligent, why you are done, you bring in a verdict for her and that's the end of it. If you find she was negligent, further then you have to decide whether or not the boy, the plaintiff driving the—— operating the automobile was negligent, and that helped cause the accident. If you find that he helped cause the accident and was negligent, why then, then you are done,—you bring in a verdict for the defendant. But if you find that the defendant was negligent and that the boy was not negligent, then you bring in a verdict for plaintiff, and then start figuring out the amount of damages."

From the foregoing it is apparent that defendants' counsel not only failed to object to the advice given by the trial court, but, on the contrary, apparently agreed with it. No objection to the original instructions given is made, and in them the court fully and fairly instructed the jury on the subject of proximate cause, which appellants now complain was omitted from the above statements of the court.

We think that if counsel for defendants was dissatisfied with the statements to the jury it was his duty to say so at the time, and thus give the court an opportunity to cure any defective or incomplete statement; while here, not only did counsel apparently agree with the advice given, but requested that it be stated again. Under such circumstances appellants are precluded from raising their objections on appeal only, and then as an apparent afterthought. ■ As was said in *Aydlott* v. *Key System Transit Co.*, 104 Cal.App. 621, 628 [286 P. 456], "A party should not be permitted to remain

quiet and take the chance of a favorable verdict, and then, if the verdict is unfavorable, raise the objection on appeal.'' See *Shriver* v. *Silva*, 65 Cal.App.2d 753, 768 [151 P.2d 528].

Also, it was said by this court in *Reuter* v. *Hill*, 136 Cal.App. 67, 76 [28 P.2d 390], that since the adoption of article VI, section 4½, of the Constitution, there is a disposition on the part of the courts to relax the earlier rigid rule regarding formula instructions; and in *Megee* v. *Fasulis*, 65 Cal.App.2d 94, 99 [150 P.2d 281], we said that if instructions as a whole cover the applicable law substantially and correctly, a judgment will not be reversed even though an instruction be otherwise open to criticism.

In this case it is not contended that the evidence is insufficient to support the verdict; and after a consideration of the entire case we are satisfied that the statements of the court did not result in a miscarriage of justice. (*Estate of Bucher*, 56 Cal.App.2d 135, 140 [132 P.2d 257] ; *Shuey* v. *Asbury*, 5 Cal.2d 712, 713 [55 P.2d 1160] ; *Astone* v. *Oldfield*, 67 Cal. App.2d 702, 708, 710 [155 P.2d 398].)

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 31, 1949.