Kenneth C. JONES, Appellant,

v.

Roy H. WARMEE, Appellee.

No. 14193.

United States Court of Appeals
Ninth Circuit.

Aug. 12, 1955.

Finton J. Phelan, Jr., Agana, Guam, Thomas M. Jenkins, San Francisco, Cal., for appellant.

Spiegel, Turner & Stevens, Lyle H. Turner, Agana, Guam, Spiegel, Turner & Stevens, Albert A. Spiegel, Gerald G. Wolfson, Santa Monica, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the District Court of Guam awarding damages to appellee, Warmee, hereafter the plaintiff, for injuries caused by appellant Jones, hereafter defendant, in the latter's alleged negligent driving of his automobile.

The plaintiff brought his case under the Civil Code of Guam which provides in § 1714:

"§ 1714. Responsibility, negligence. Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care brought the injury upon himself. * * * "

■ The defendant pleaded that the plaintiff by his "want of ordinary care brought the injury upon himself." On this issue the burden of proof is on the defendant, the Guam Code of Civil Procedure providing in § 1981:

"§ 1981. Evidence to be produced by whom. The party holding the affirmative of the issue must produce the evidence to prove it; therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side." [1]

The court decided on this issue that the defendant's burden had not been sustained, in its finding that "the plaintiff was not negligent in crossing the highway."

Defendant contends there is no testimony to support this finding and that all the testimony shows plaintiff was negligent in crossing a four lane highway at a place where there was no crosswalk and hence where he was required to yield the right of way to vehicles on the highway, as provided in § 23,126 of the Government Code of Guam, reading:

"(c) * * * Every pedestrian crossing the highway within a business or residence district at any point other than a crosswalk shall yield the right of way to vehicles upon the highway."

The injury was occasioned at about 7 p. m. when the evening lack of visibility caused the defendant to turn on the head lights of his automobile. The claimed negligence of the plaintiff is that while crossing the highway in a diagonal route to his left and away from the lights of the defendant's approaching car, he failed to look in both directions. Had he done so, it is claimed, he would have stopped in the third lane and yielded to the car's passing him in the fourth lane.

The gravamen of the negligence is the failure of the plaintiff to look in both directions after he was crossing the highway. If he were trying the case de novo we well could hold that the heavy preponderance of the evidence of the four witnesses, all heard by the court, showed plaintiff did not look in both directions. However, the court below heard the testimony of the plaintiff. He answered "Yes" to the question: "Did you, as you were proceeding across the highway, continually glance in either direction to

---

1. The provision of the California Code of Civil Procedure, Section 1981 is identical with the Guam Code, and the California Courts in Downing v. Silberstein, 89 Cal.App.2d 838, 202 P.2d 91, and in Tomey v. Dyson, 76 Cal.App.2d 212, 172 P.2d 739, and in many other cases have held that in a personal injury suit the burden of proving plaintiff's contributory negligence is on the defendant.

observe whether or not there was any oncoming traffic?"

■ With this evidence to support the court's finding of fact of the plaintiff's want of negligence, we cannot set it aside, Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The court's finding of want of negligence in the plaintiff was filed on October 29, 1953. A week before, on October 22nd, at the conclusion of the testimony, the court, in an oral opinion, stated that it would decide the case for the plaintiff and related facts indicating that the plaintiff had not looked both ways in crossing the highway, the court stating of the plaintiff:

"I find that before proceeding to cross Marine Drive he looked for oncoming traffic; that his senses were probably dulled by the consumption of liquor before he started across; that there is no indication that after first assuring himself that the way was clear that he looked to his left or to his right after that but proceeded in a diagonal or oblique way to cross to the other side; that his head was down and that his back was partly turned to oncoming traffic coming from the south to the north. I further find that the traffic conditions were such that the defendant should have had no difficulty whatever in seeing the plaintiff in the highway in ample time to warn him, to slow the speed of his automobile, since the defendant testified that at all times prior to the emergency he was going thirty miles an hour, to swerve his car or to stop his car . . . Plaintiff will prepare findings of fact and conclusions of law and settle with the defendant in ten days."

■ It is apparent that at this earlier date the court intended to decide the case for the plaintiff on the theory that the last clear chance doctrine prevailed in Guam, as it does in California,[2] and that plaintiff could recover though negligent. The court was entitled again to consider the evidence and make his later finding that the plaintiff was not negligent.

■ Four witnesses testified to the pain and suffering of plaintiff. No exception was taken but now, on appeal, defendant contends that the witnesses were lay persons, incompetent to describe the pain and suffering which plaintiff expressed as arising from his injuries. As stated by the California Supreme Court in Kline v. Santa Barbara Consolidated R. Co., 1907, 150 Cal. 741, 750, 90 P. 125, 129: "It does not require an expert to tell whether a person suffers. The appearance of a person who suffers severely is sufficient to manifest his condition to anyone of ordinary intelligence and experience."

The judgment is affirmed.

---

2. Selinsky v. Olsen, 1951, 38 Cal.2d 102, 237 P.2d 645, and Peterson v. Burkhalter, 1951, 38 Cal.2d 107, 237 P.2d 977.