[Civ. No. 8827.   Third Dist.   Feb. 25, 1957.]

THE PEOPLE, ex rel. DEPARTMENT OF PUBLIC WORKS, Respondent, v. LOUIS B. SAMMIS et al., Appellants.

Arthur M. Sammis, Airola & Airola and Hutchinson & Quattrin for Appellants.

Robert E. Reed, Holloway Jones, Jack M. Howard, Joseph F. DeMartini and John P. Horgan for Respondent.

McMURRAY, J. pro tem.*—After a jury trial, at which the defendants were awarded damages for the taking of certain property for highway purposes, and at which the jury found no damages as severance damages, the defendants' motion for a new trial was denied, and this appeal is taken by the defendants from the entire judgment entered in accordance with that verdict. The appellants' main contentions are that as a matter of law the jury was bound to return a verdict for damages resulting from the severance of a potential spur track right of way to the property remaining in their ownership; also that diminishing the depth of the defendants' land in front of their olive-processing plant necessarily resulted in a severance damage, and, furthermore, appellants urge that the court erred in failing to give certain instructions upon the effect and evaluation of expert testimony and also erred in not striking some expert testimony, which appellants contend was invalid for any purpose. Appellants also complain that they were entitled to damages by reason of the separation of their land from the underlying fee in a preexisting highway, which is now embraced within the limits of the new highway. ▮ During the trial the appellants offered no proof and made no contention in connection with the severance damage by reason of the isolation of their underlying fee in the existing highway. Therefore, that question cannot be considered by this court, since such matters cannot be raised for the first time on appeal. (*Gibson Properties Co.* v. *City of Oakland,* 12 Cal.2d 291 [83 P.2d 942] ; *Marra* v. *Aetna Const. Co.,* 15 Cal.2d 375 [101 P.2d 490] ; 18 Cal.Jur.2d, Eminent Domain, § 339.)

A reading of the entire record in this matter discloses that there is substantial evidence to support the jury's findings and verdict in all respects, and, under the familiar rule of indulging every inference favorable to the prevailing party, this court should not reverse a judgment upon such ground. During

*Assigned by Chairman of Judicial Council.

the trial two parcels of the land taken were shown to be in the ownership of defendant Sammis, but there was testimony that he held them in trust for the corporation, Rocca Bella Olive Association. The court considered that all parcels concerned in the trial constituted a single parcel and so instructed the jury. This was in accordance with appellants' contentions at the trial, and it is difficult to see how they can now complain because the court so ruled. There was testimony adduced at the trial that one parcel was feasible and available for a spur track. There was testimony by appellants' witnesses that the taking of this parcel resulted in substantial severance damage to the remainder of the larger parcel. ■ Respondent's witnesses testified that they believed there was no severance damage by reason of the loss of the spur track possibility. It cannot here be said that the jury's finding of no severance damage was unsupported when the physical characteristics of the land involved in this action are considered. The only contiguity between the parcel which was considered as being feasible and available for spur track purposes and the land on which appellants' plant was located was a strip 3.3 feet wide, and there was testimony that in order to install the spur track, it would be necessary to obtain more property from an abutting landowner. The jury, therefore, might well have felt that the possibility of a spur track installation was so speculative as to require a finding of no severance damage. ■ Assuredly there is a conflict in the evidence relative to the claim of damage from the reduction in length of the loading zone. However, the jury was acting well within its province in determining that there was no severance damage resulting from the taking of the land from such zone, as there was, indeed, no testimony, other than statement of counsel, as to the length of trucks or the loading methods used at the plant. ■ Certain expert testimony is attacked by appellants upon the ground that one of respondent's witnesses estimated the land value upon an acreage basis. This mere fact, standing alone, is not sufficient to require such evidence to be completely discarded, as it goes to the weight of the evidence, rather than to its legal admissibility. (*People* v. *Loop,* 127 Cal.App.2d 786 [274 P.2d 885].)

■ Appellants further complain that the court failed properly to instruct the jury relative to the evaluation of expert or opinion evidence. A reading of the entire charge to the jury does not support appellants' contention in this respect, and this court is bound to read and consider the

instructions as a whole. (*Huston* v. *Schohr*, 63 Cal.App.2d 267 [146 P.2d 730]; *Shuey* v. *Asbury*, 5 Cal.2d 712, 713 [55 P.2d 1160].)

The judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.