PER CURIAM.
Plaintiff, Mrs. Parker, appealed from an adverse summary judgment in an automobile collision case.
On July 18, 1965, between 6:00 and 7:00 p. m. on a rainy day, Jack Hyndman was driving his Volkswagen south in the right-hand lane of Interstate 75 near Lake City. He had an accident and departed the scene leaving his Volkswagen unattended and parked on the traveled portion of the roadway. Minutes later Mrs. Parker, also traveling south in the right-hand lane, ran into the parked Volkswagen.
Mrs. Parker brought this action alleging that the proximate cause of her accident was Hyndman’s negligence in leaving his car parked in the traffic lane of the Interstate Highway. Defendant answered alleging contributory negligence on the part of plaintiff, and later moved for summary judgment based on the pleadings and depositions of the parties.
Mrs. Parker deposed that she was driving about 30 or 35 miles per hour; her lights were on and her windshield wipers were operating, but it was not dark and she had no trouble with visibility; she first saw the Volkswagen when she was about half a mile away; its lights were not burning; she continued to see it as she drove along; from the time she first saw it, there were no cars between her and the Volkswagen; although she was gradually overtaking it, she did not realize that the Volkswagen *40 wasn’t moving until she was about four car-lengths away; and at that time there were cars passing her in the left lane so all she could do was to put on brakes and skid into the Volkswagen.
Viewing the evidence in the light most favorable to the plaintiff and resolving all inferences in her favor, the trial judge correctly concluded that, although Hyndman was negligent, the proximate cause of Mrs. Parker’s accident was her own negligence, since she admittedly saw the prior accident while 2,640 feet away but took no precautions for her own safety.
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.