REED, Judge.
The appellants, Frances Grove and Wilbur J. Grove, husband and wife, were the plaintiffs below, and the appellee, Sanford Mobile Park, Inc., was the defendant.
The plaintiffs occupied a trailer which was located in the defendant’s trailer park. Next to the plaintiffs’ trailer at a distance of approximately fifteen to eighteen feet was another trailer occupied by a Mrs. Jane Hasty and her children. On 27 November 1965 a fire occurred in Mrs. Hasty’s trailer. The plaintiff who was standing eight to ten feet away from the fire was burned by debris from the fire and as a consequence sustained injuries for which she and her husband seek damages in this suit.
The plaintiffs’ complaint alleges that the defendant was negligent in allowing trash, papers, and other flammable materials to accumulate in the area of the Hasty trailer and in failing to provide adequate means to combat fires within the confines of the trailer park. As a proximate' result of such negligence the plaintiff, Frances Grove, was struck by flying debris from the fire and suffered injury.
Although the complaint does not allege in detail the source of the defendant’s duty to provide means to combat fires and to prevent the accumulation of trash and flammable materials in the park, it appears that the source of this duty is a regulation adopted by the Florida State Board of Health under the authority of F.S.1965, Section 513.05, F.S.A. Apparently, without objection of any party, the trial court took judicial notice of the regulation which reads as follows :
“170C-33.17 Fire protection. — -The trailer park shall conform with regulations or standards issued by the state fire mar-shall and shall be subject to the rules and regulations of any local fire department having jurisdiction. The park and space under individual trailer coaches shall he kept free of litter, rubbish and flammable materials * * * Fire extinguishers of a type and size approved by the local fire department shall be kept in service buildings and in all other locations named by such fire department and shall be maintained in good operating condition. * * *” (Emphasis added.)
The defendant’s answer denied the aver-ments of negligence and alleged as affirmative defenses contributory negligence and assumption of risk.
*36 Various depositions were taken and interrogatories propounded to the plaintiffs. Subsequent to the discovery, a motion for summary judgment was filed by the defendant and granted by the trial court and a final judgment was entered in defendant’s favor on 2 March 1967. The present appeal is taken from this judgment.
According to defendant’s brief the trial court granted the summary judgment, because it appeared from the record, for reasons hereinafter mentioned, that no proximate cause relationship existed between the negligence charged and the injury to the plaintiff, Frances Grove.
The depositions indicate that the fire was started in a bedroom of the Hasty trailer by one of the minor children living in the trailer. The fire spread rapidly withip the trailer. The plaintiff, Frances Grove, saw the fire and went into the yard between her trailer and the Hasty trailer in an effort to secure the aid of neighbors in removing her vehicles from the area. She stated that five to ten minutes elapsed when an explosion occurred, and something hit her on the back of the left hand, that is, on the side opposite the palm. She testified that the flames spread to the outside of the trailer but does not know whether this occurred before or after the explosion.
With respect to trash in the area of the Hasty trailer, both plaintiffs testified that considerable trash was in the area of the Hasty trailer prior to the fire, and that this condition was brought to the attention of an employee of the defendant on numerous occasions resulting in no change of the condition.
Mrs. Hasty in her deposition stated that the fire spread rapidly. At the time she discovered it, or shortly thereafter, it was burning in one of the back bedrooms of the trailer and on the side of the trailer facing the plaintiffs’ trailer. Mrs. Hasty noticed, apparently after the fire was over, that grass was burned around the plaintiffs’ trailer and the plaintiffs’ trailer was singed. At one point Mrs. Hasty described the fire as “like an inferno”. She stated that all the windows of her trailer were open and that the smoke and flames were coming from the windows.
Mrs. Hasty denied that there was trash in the area of her trailer but admitted that there may have been a few scraps of paper around the trailer. Sse also stated that there was “all kinds of stuff all around the whole area.” This was apparently a description of the area of the trailer after the fire was extinguished. Mrs. Hasty denied hearing an explosion in the course of the fire.
On the basis of this testimony the defendant argues that even if it had been negligent in failing to keep the area around the Hasty trailer clean and free of trash and other flammable materials, there is no showing plaintiff’s burn was caused by such trash because the fire was concentrated within the trailer and that what caused the burn was a piece of metal flying from the trailer at the time the explosion occurred and not a piece of trash from the ground. We have combed the record before us and can find no testimony which conclusively establishes that the debris which struck the plaintiff, Frances Grove, on the hand was a piece of metal or other object flying from the trailer when the explosion occurred and not a piece of burning trash from the ground[1] surrounding the trailer. It will be noticed that Mrs. Grove’s injury-was not a cut, but a burn. Furthermore, Mrs. Hasty testified to the existence of fire on the side of her trailer opposite plaintiffs’ trailer, to the *37 singed condition of the ground, and to flames coming from the windows of her trailer. We, therefore, conclude that there was an issue of fact as to whether or not the plaintiff’s burn was caused by the alleged accumulation of trash, an ignited part of which may have been propelled in the plaintiff’s direction either by the force of the explosion or by winds caused naturally, or by the heat of the fire. Consequently, we cannot conclude that a lack of proximate cause relationship between the alleged accumulation of trash and the injury is so obvious or is so conclusively shown by the record before the trial court that the issue of proximate cause could be disposed of as a matter of law on the summary judgment motion.
With regard to the failure of the defendant to provide fire extinguishers, the appellee argues that the absence of a fire extinguisher could have had no causal relationship to the plaintiff’s injury, apparently because of the speed with which the fire spread within the trailer and the injury occurred.
We cannot accept this conclusion either. In the first place the extent of the duty on the defendant to provide fire extinguishers is not clearly or conclusively shown by the record before this court. It will be noticed that the regulation relied on by the plaintiffs provides “Fire extinguishers of a type and size approved by the local fire department shall be kept in service buildings and in all other locations named by such fire department and shall be maintained in good operating condition.” (Emphasis added). Nowhere in the record does it appear what type and size fire extinguishers, if any, were required by the “local fire department” under this regulation nor the locations at which such extinguishers were required to be placed. Unless this was conclusively shown by the record, how can it be held that a conclusive showing has been made that the failure of the park to comply with the regulation had no causal relationship to the injury? For example, if the regulation required a powerful fire extinguisher to be placed in close proximity to the Hasty trailer, it seems to us that there could at least be an issue of fact sufficient to preclude a summary judgment as to whether or not the failure to place such an extinguisher at such a location would have prevented the spread of the fire, the subsequent explosion, and the injury to the plaintiff.
We conclude that the defendant did not conclusively show the lack of a proximate cause relationship between the alleged negligence and the injury to the plaintiff, Frances Grove. This being the case, summary judgment was not appropriate. Visin-gardi v. Tirone, Fla.1966,193 So.2d 601, 605. We are not required by the posture of this case to decide whether a violation of the quoted regulation is simply prima facie evidence of negligence or negligence per se.
The judgment is reversed and the cause remanded for further proceedings.
CROSS, J., concurs.
McCAIN, J., dissents, without opinion.

. We have not overlooked the answer of Mrs. Grove to interrogatory # 42 wherein she states, “Exploding insulation struck Plaintiff in the hand and burned same”. This does not enlighten us as to whether the insulation came from the trailer or was a part of the trash allegedly on the ground. Moreover, the effect of the answer is shrouded in doubt by plaintiff’s subsequent deposition' wherein she denied knowledge of what hit her.