MANN, Judge.
Mrs. Chance was a passenger in her husband’s car when it struck Mrs. Barber’s car, which was left, lights on but motionless, in the outside lane of a four-lane highway after Lydick’s car, driven by Blizzard, struck it. The inside lane was almost completely clear, and traffic flowed through it without incident on this wet night for several minutes before Chance came along. He saw the Barber car, but thought it was moving. The jury found against Mr. Chance, on evidence of contributory negligence which might have justified summary judgment. Parker v. Hyndman, 207 So.2d 39 (Fla.App.1968). The uncontradicted evidence was that he had had “a couple of drinks”.
Nothing in the statutes compelled Mrs. Barber to leave her car on the highway until the trooper arrived. It was driveable. See Fla.Statutes §§ 317.071, 317.081 and 317.442 (1967), F.S.A. The preservation of life is more important than the preservation of evidence. She made an honest, but in this case mistaken, decision. Blizzard may be held liable for the reasons best expressed in Ellingson v. Willis, 170 So.2d 311 (Fla.App.1964), and Lydick is liable because he owned the car and consented to Blizzard’s driving it.
Appellants’ reliance on Sims v. Apperson Chemicals, Inc., 185 So.2d 179 (Fla.App.1966) is misplaced. Unlike other cases cited by them in which drivers were denied recovery, Sims involved passengers, as *887 here. But there was no proof there of causation. Plaintiffs’ mother collided with a truck parked on a Jacksonville street and founded negligence on an ordinance forbidding parking for the night. That ordinance might well have related as much to street cleaning as accident prevention, and no causative agency was shown.
Appellants contend that a continuance should have been granted because Blizzard was on naval duty in Viet Nam. But one postponement had been given them, the case had been pending for more than two years, during which time Blizzard was home for nearly a month. His testimony could have been taken under Rule 1.290(d), 30 F.S.A. Denial of further continuance was not an abuse of discretion.
Affirmed.
PIERCE, A. C. J., and HOBSON, J., concur.