269 So.2d 708 (1972)
RAILWAY EXPRESS AGENCY, INC., a Corporation, Appellant,
v.
Betty Jo GARLAND, Widow of Lige Garland, Deceased, Appellee.
No. Q-129.
District Court of Appeal of Florida, First District.
November 28, 1972.
Rehearing Denied December 21, 1972.
*709 John E. Houser, Jacksonville, for appellant.
Dawson, Galant, Maddox, Boyer, Sulik & Nichols, Lloyd C. Leemis of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of a final judgment awarding appellee $100,000.00 for the wrongful death of her husband.
*710 Appellee's husband was killed when a truck he was driving struck a City of Fernandina Beach bus which had stopped in the center lane of an expressway to pick up a box dropped from a truck. The Fernandina Beach bus swerved to the left to avoid hitting the box, returned to the center lane and slowed to a stop. Witnesses testified that appellee's decedent did not apply his brakes until a few seconds before colliding with the back of the bus. At the time of impact, the deceased was also attempting to turn to the left.
Witnesses also identified the truck from which the box dropped as a stake-bodied truck belonging to appellant, Railway Express Agency, Inc. (REA). The operations manager for REA testified that REA had no stake-bodied trucks in the Jacksonville area, only walk-through type vans.
By appellant's first point on appeal, REA asserts that there was insufficient evidence to attribute the falling box to its truck. We do not agree.
The identification of appellant's truck was clear and positive. Both witnesses expressed familiarity with REA trucks and described the color and markings of the truck which dropped the box. Although the operations manager testified that REA had no stake-bodied truck, it was a question for the jury to decide. It is well settled that this court will not substitute its findings for those of the jury when the latter has some basis in fact.
Secondly, appellant contends that the deceased was guilty of contributory negligence as a matter of law in striking the rear of the bus. This question was answered in the negative in Ben's Seltzer, Inc. v. Markey, 254 So.2d 377 (Fla.App. 1971). In Ben's Seltzer, Inc., the court held that there was sufficient evidence of negligence to go to the jury even in light of the presumption that in rear-end automobile collision cases the driver of the following car is presumed contributorily negligent. The facts in that case are very similar to the case at bar. There appellant-defendant had stopped his truck in a lane of traffic on a bridge in order that he could pick up crates which had dropped onto the road. Likewise, in the instant case the bus was stopped improperly in an unexpected location, which was sufficient to overcome the presumption and raise a jury question as to negligence. The issue was squarely before the jury and it was within their prerogative to find decedent free from fault based on the evidence. The evidence adduced in the case at bar was that the decedent had applied his brakes and attempted to avoid the accident. On this showing the jury could have found and obviously did find that the plaintiff's decedent was not guilty of contributory negligence.
Thirdly, appellant contends that the stopping of the bus in the center lane of the expressway was an independent intervening cause of the accident as a matter of law. The rule as set forth in Loftin v. McCrainie, 47 So.2d 298 (Fla. 1950), is that an intervening cause is only efficient if it is independent of and not set in motion by the original wrongful act. In the case sub judice, the bus driver would not have stopped in the middle of the expressway except for the negligence originating with the appellant. The wrongful falling of the box from the REA truck was the act which set in motion the ensuing events. The issue again was properly submitted to the jury. The rule in effect in this jurisdiction is stated in 23 Fla.Jur., Negligence, §§ 38, 39 as follows:
"The general rule is that whoever acts negligently is answerable for all the consequences that may ensue in the ordinary course of events, even though such consequences are immediately and directly brought about by an intervening cause, if that intervening cause was set in motion by the original wrongdoer.
"The rule that the causal connection between a person's negligence and an injury is broken by the intervention of a *711 new, independent, and efficient intervening cause so that the negligence is not actionable is subject to the qualification that if an intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of an injury, and he may be held liable, notwithstanding the intervening cause. That is, the intervention of independent intervening causes does not break causal connection, if the intervention of such forces was itself probable or foreseeable."
Applying the above principles to the evidence adduced in the instant case, it is apparent that the jury found that the appellant's failure to properly guard against cargo falling from its truck was causally connected with the consequences immediately and directly flowing from such failure. The jury also found that the stopping of the bus was a foreseeable consequence of the falling box. In essence, the jury found that appellant owed a duty to the road-using public to guard against objects falling from its trucks on the streets because such objects could foreseeably cause injury when other users of the road either ran into or attempted to avoid the fallen objects. Proximate cause is a question for the jury to decide. Western Union Tel. Co. v. Taylor, 94 Fla. 841, 114 So. 529 (1927); Fendrick v. Faeges, 117 So.2d 858 (Fla.App. 1960); Grove v. Sanford Mobile Park, 212 So.2d 34 (Fla.App. 1968).
It is suggested by appellant that its negligence was not the efficient cause of appellee's damages but rather that it was the conduct of the bus driver who stopped to pick up the fallen box that was the efficient cause of the damage in question. Thus, appellant argues, the bus driver's conduct became an independent intervening efficient cause as to break the direct causal relationship between the original act of negligence charged to appellant and the ultimate injury to appellee.
The foregoing contention was rejected by the court in Loftin v. McCrainie, 47 So.2d 298 (Fla. 1950), in a case wherein the defendant claimed that acts committed by others which occurred after its own negligence were the independent intervening efficient cause of the plaintiff's injuries. In Loftin, the court stated at page 302:
"We see no merit in either suggestion. No intervening cause is efficient unless it is independent of and not set in motion by the original wrongful act. As stated in Woodcock's Adm'r v. Hallock, 98 Vt. 284, 127 A. 380, 383: `The mere fact that there has intervened a voluntary act of a responsible agent does not necessarily make the final consequence of the negligence too remote to support an action. The test is to be found in the character of the intervening act. If it is, itself, a natural and proper result of the original negligence, it will not necessarily prevent a recovery thereon.' See also 38 Am.Jur. 726, Negligence, Sec. 69."
In the case at bar, it was properly left to the jury to determine whether the intervening cause (the stopping of the bus to pick up the box) was set in motion by the original wrongdoer or was foreseen or reasonably foreseeable by him. Savarese v. Hill, 128 So.2d 775 (Fla.App. 1961). See also Ellingson v. Willis, 170 So.2d 311 (Fla.App. 1964), wherein this court held that it was a jury question whether defendant's negligence in causing a collision in which plaintiffs were moderately injured was also the proximate cause of more severe injuries resulting from a second collision several minutes later when a third party negligently ran into the tangled vehicles of the first collision in the middle of the roadway.
Appellant's remaining points are substantially without merit. For the foregoing reasons, the judgment appealed is
Affirmed.
*712 JOHNSON, J., concurs.
WIGGINTON, J., dissents.
WIGGINTON, Judge (dissenting).
I am unable to agree with that part of the majority opinion which holds that the negligence, if any, of appellant in failing to properly secure the load placed on its truck was the proximate cause of the damages suffered by appellee.
Even assuming that appellant was negligent in the manner in which it loaded its truck with cargo, I fail to understand how it could have been reasonably foreseeable that because of this (1) a box consisting of a part of the cargo would slide or fall off the truck and come to rest in the traffic lane of an interstate highway; (2) that a following motorist without any duty to do so would stop his vehicle in the lane of traffic instead of in the emergency parking lane provided for that purpose in order to capture possession of the box, contrary to the traffic laws of this state; (3) and that a third following motorist would have so little control over his own vehicle or would operate it in such a negligent manner as to crash it into the rear-end of the illegally stopped second vehicle in disregard of his own safety and the positive requirements of our traffic laws.
It is my view that the act which caused appellee's damages was not the reasonably foreseeable consequence of appellant's negligence in the loading of its truck. It appears undisputed as a matter of law that appellee's damages were proximately caused either by the independent intervening act of the second vehicle in unlawfully coming to a stop in the lane of traffic of the highway or the contributory negligence of appellee's decedent in failing to have his vehicle under proper control and in operating it in such a negligent manner as to crash it into the rear-end of the stopped vehicle. For a more complete discussion of the foreseeability test and the element of independent intervening cause as they relate to the law of proximate cause, see this court's opinion in Pope v. Pinkerton-Hays Lumber Co.[1]
I would therefore reverse the judgment and remand the case for a new trial.
NOTES
[1] Pope of Pinkerton-Hays Lumber Co., (Fla.App. 1960) 120 So.2d 227, cert. den. (Fla. 1961) 127 So.2d 441.