ON PETITION FOR REHEARING
MANN, Chief Judge.
The petition for rehearing, which looks like a precursor of what we would judge an ill-founded petition to the Supreme Court for conflict certiorari, prompts us to add this simple explanation of the cases with which we are allegedly in conflict.
In Booth v. Mary Carter Paint Co., Fla.App.2d 1966, 182 So.2d 292, there was sufficient evidence of negligence on the part of Mary Carter Paint Company’s driver, who stopped first on the pavement, arguably causing to stop the vehicle into which the plaintiff’s decedent crashed. A summary judgment for Mary Carter Paint Company was properly reversed.
In Lydick v. Chance, Fla.App.2d 1968, 214 So.2d 885, a jury verdict was upheld on evidence that a car was left in a dangerous situation when it should have been moved. There we distinguished Sims v. Apperson Chemicals, Inc., Fla.App.1st 1966, 185 So.2d 179, which governs this case. In Sims and the case before us there is no evidence of causation. Here, Johnson, driving Publix’ truck, did not have anything to do with the accident. Smith, driving south on U.S. 98, hit a horse in the road which had been struck by a man named Massey, whose truck was stopped in the road when Johnson came along, *179 northbound, and necessarily stopped behind Massey. The fact that Smith’s vehicle, after hitting the horse, hit the Pub-lix truck operated by Johnson is purely fortuitous. There is no showing of negligence on Johnson’s part, and no evidence of his conduct as a cause of the injury. Smith’s action properly proceeds against Dykas, who owned the horse, and Massey, who struck it, and Massey’s employer. It was properly terminated against Johnson and his employer.
Rehearing denied.
LILES and McNULTY, JJ., concur.