546 P.2d 859

Adam GRIEGO, Jr., Plaintiff-Appellee,

v.

Esther MARQUEZ, Kenneth D. Grissom and H. O. McCarty, Defendants-Appellants.

No. 2113.

Court of Appeals of New Mexico.

Feb. 17, 1976.

**12**

Charles T. Hooker, Albuquerque, for defendants-appellants.

James A. Mungle, Smith, Ransom & Gilstrap, Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendants Grissom and McCarty appeal from a judgment entered against them to compensate plaintiff, Adam Griego, Jr., for personal injuries arising out of a second collision automobile accident. Defendant Esther Marquez, against whom judgment was also entered, did not appeal. We affirm.

### A. *Facts Most Favorable to Judgment*

On July 8, 1973, at about 7:00 p. m., on the westbound lanes of traffic on Santa Fe Avenue, Grants, New Mexico, the following events occurred:

*First Accident:* Plaintiff's car was stopped beside the median on the inside westbound lane at the intersection of Santa Fe Avenue and Copper Street. His arm was extended to signal a left-hand turn. The Rougemont car stopped behind plaintiff. Defendant Grissom, agent of defendant McCarty, drove a truck closely behind Rougemont just prior to the first accident; he could not stop in time, and struck the right rear fender and bumper of the Rougemont car. This impact caused the Rougemont car to lightly hit the rear bumper of plaintiff's car.

Grissom pulled over to the curb in the right-hand lane of traffic, drove past the Copper Street intersection, and stopped at the curb about twenty or thirty feet west of the Rougemont car, where he parked.

*Second Accident:* Plaintiff emerged from his car, saw that it was not damaged, en-

tered his car, and then made his left-hand turn. Plaintiff drove across the eastbound lanes of traffic on Santa Fe Avenue, and he parked his car in a cafe parking lot. He then walked back to the Rougemont car to see what damage had been done to it.

Plaintiff and Mr. Rougemont stood in the inside lane near the Rougemont car. A few minutes later, they looked east and saw defendant Marquez' car coming on the inside lane. Rougemont told Griego: "Watch out, this car is coming toward us", and ran to the south curb. Plaintiff tried to reach the median to the left and was struck by the Marquez car. The time lapse between the two accidents was eight to ten minutes.

The accident occurred in daylight, with the sun setting in the west. Plaintiff lost his memory and had no recollection of what occurred.

A police officer testified that in his opinion, the chain of events that led to plaintiff's injuries was started by Grissom's truck striking the back of the Rougemont vehicle.

B. *Defendants' Contentions for Reversal*

Defendants raise thirteen points for reversal. The only important issue to resolve is proximate cause vs. independent intervening cause, a complex and confounded matter.

C. *Whether Grissom's negligence was proximate cause was issue of fact for jury.*

This is a borderline case. Defendants claim the right to a directed verdict for failure of plaintiff to establish that the Grissom-Rougemont impact in the first accident was a proximate cause of plaintiff's injuries which arose after the second accident. This claim is a request that a court of review substitute its judgment for that of the trial court and jury. Whether we should or not is a matter of disagreement on this Court. It is a controversial subject that will remain as a pattern in the jury trial system.

We note, as other courts have, cases with varying and contradictory results, based upon various tests as determining factors in second accident cases; and desire to avoid this congestive problem that leads to seemingly contradictory opinions. To accomplish this desire, we agree with the judicial approach stated in the second accident case of *Marshall v. Nugent*, 222 F.2d 604 (1st Cir. 1955), 58 A.L.R.2d 251. The Court said:

In a traffic mix-up due to negligence, before the disturbed waters have become placid and normal again, the unfolding of events between the culpable act and the plaintiff's eventual injury may be bizarre indeed; yet the defendant may be liable for the result. [Citation omitted]. In such a situation, it would be impossible for a person in the defendant's position to predict in advance just how his negligent act would work out to another's injury. Yet this in itself is no bar to recovery. [Citations omitted].

*When an issue of proximate cause arises in a borderline case, as not infrequently happens, we leave it to the jury with appropriate instructions.* We do this because it is deemed wise to obtain the judgment of the jury, reflecting as it does the earthy viewpoint of the common man—the prevalent sense of the community—as to whether the causal relation between the negligent act and the plaintiff's harm which in fact was a consequence of the tortious act is sufficiently close to make it just and expedient to hold the defendant answerable in damages. That is what the courts have in mind when they say the question of proximate causation is one of fact for the jury. [Emphasis added] [222 F.2d at 604].

In the instant case, the jury determined that the negligence of Grissom in the first accident was a proximate cause of the injury sustained by plaintiff in the second accident. It determined that the second accident was not an independent intervening cause which broke the chain of causation

**14**

as a matter of law. The trial court approved the verdict of the jury.

New Mexico law is in disagreement on the application of "proximate cause" and "intervening cause" in a second accident case. *Kelly v. Montoya*, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970). Plaintiff and Grissom both rely on this opinion, properly so, because its language speaks in the legal definition of those terms.

Definitions of "proximate cause" and "independent intervening cause" are difficult to understand and apply in second accident cases. See, Prosser, Proximate Cause in California, 38 Calif.L.Rev. 369 (1950); Restatement, Torts, 2d § 440 et seq. (1965); *Kelly v. Montoya*, supra. To repeat these definitions again and then apply them to the instant case would be mere repetition.

Grissom's conduct started the chain of events which ultimately led to plaintiff's injuries. After the first accident, he parked his truck and walked over to Rougemont's car where plaintiff and Rougemont were talking. Grissom's conduct was responsible for plaintiff's and Rougemont's cars remaining on the street. Grissom said: "Well, we ought to get the cars off the streets, and I'll call the police." Plaintiff, after removing his car, returned to the Rougemont car, and was standing in the street talking with Rougemont. Plaintiff's conduct in returning to the scene is a normal incident which occurs in automobile accidents. At this time, plaintiff was exposed to risk as a result of Grissom's impact with the Rougemont car. If the first accident had not occurred, plaintiff would not have been exposed to the risk.

There was substantial evidence to establish the negligence of Grissom in the first accident, and to establish the negligence of Marquez in the second accident. Marquez' negligence was an intervening act, but it did not relieve Grissom of liability as a matter of law unless the facts warranted it.

Proximate cause is a question of fact for the jury. *Galvan v. City of Albuquerque*, 85 N.M. 42, 508 P.2d 1339 (Ct.App.1973).

■ The rule appears to be uniform, that, whether the intervening act in a second motor vehicle accident case was the proximate cause of plaintiff's injury, is a question of fact for the jury. 61 C.J.S. Motor Vehicles § 522(3)(b). *Railway Express Agency, Inc. v. Garland*, 269 So.2d 708 (Fla.1972).

■ Were the injuries of the plaintiff in the second accident caused in a "natural or continuous sequence" by the act of Grissom in the first accident: Was the negligence of Marquez thereafter so abnormal and irregular and so unrelated to Grissom's original conduct, that it constituted an independent intervening cause which relieved Grissom of liability? These are questions for the jury and it answered them in favor of plaintiff.

If the jury had decided in favor of Grissom, an appeal by plaintiff would have received a cold reception.

In borderline cases, the verdict of the jury controls.

We believe this case falls within the purview of *Kelly v. Montoya,* supra.

For comparable cases which support this position, see, *Ellingson v. Willis*, 170 So.2d 311 (Fla.App.1964); *Henneman v. McCalla*, 260 Iowa 60, 148 N.W.2d 447 (1967); *Dickenson v. Tabb*, 208 Va. 184, 156 S.E.2d 795 (1967); *Evans v. Farmer*, 148 W.Va. 142, 133 S.E.2d 710 (1963); *Matthews v. Porter*, 239 S.C. 620, 124 S.E.2d 321 (1962); *Railway Express Agency, Inc. v. Garland,* supra; *Estate of Flickinger v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973); Annot., 58 A.L.R.2d 270 (1958) and Later Case Service.

We cannot absolve Grissom of liability as a matter of law on the issue of proximate cause.

D. *Plaintiff's contributory negligence was an issue of fact for the jury.*

■ Defendants contend that they were entitled to a directed verdict because plaintiff was contributorily negligent as a matter of law. We disagree. Citation of authority is not necessary.

We have carefully reviewed defendants' other claims of error. Effective answers to these claims were made by plaintiff. To review these matters would require a restatement of rules governing appeals and the concomitant burdensome citation of cases, which we do not find necessary.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., dissents.

HERNANDEZ, Judge (dissenting).

I respectfully dissent for the following reasons:

One of the points upon which appellant bases his appeal is that:

"Point I—the trial court erred in denying defendants Grissom and McCarty's motion for a directed verdict at the close of the plaintiff's case based on the failure of the plaintiff to establish proximate cause."

Since the facts in this case were uncontroverted, causation should have been decided as a matter of law. I would rely on *Greenfield v. Bruskas,* 41 N.M. 346, 68 P. 2d 921 (1937) for a statement of the law:

"The 'proximate cause' of an injury is 'the cause which, in natural and continued sequence, unbroken by an efficient, intervening cause, produced the result complained of, and without which that result would not have occurred.' [Citation omitted] It is an ultimate fact, and it is usually an inference to be drawn by the jury from the facts proved. It only becomes a question of law when the facts regarding causation are undisputed and all reasonable inferences that can be drawn therefrom are plain, consistent, and uncontradictory.

"'The question of proximate cause is usually for the jury upon all the facts. Proximate cause is said to be a mixed question of law and fact which must be submitted to the jury under proper instructions. But where the facts are undisputed and the inferences to be drawn from them are plain and not open to doubt by reasonable men, it is the duty of the court to determine the question as a matter of law.' 1 Cooley on Torts (4th Ed.) 50; [Citation omitted]."

I agree with this position. I believe the injury was the result of an independent intervening cause and not the result of defendants' acts or failure to act. Defendant Grissom disassociated himself from the plaintiff and Rougemont by removing himself and his vehicle from an obviously dangerous place and warning plaintiff to get off the highway or at least put on hazard lights.