561 P.2d 31

**Prescilla ROMERO and Dolores Tarin, Plaintiffs-Appellants,**

v.

**Ralph P. MELBOURNE and Ralph Melbourne, Defendants-Appellees.**

**No. 2596.**

Court of Appeals of New Mexico.

Feb. 8, 1977.

Certiorari Denied March 10, 1977.

Emmett C. Hart, Albuquerque, for plaintiffs-appellants.

William C. Madison, LeRoi Farlow, P. A., Albuquerque, for defendants-appellees.

## OPINION

LOPEZ, Judge.

This case contains two plaintiffs, Prescilla Romero and Dolores Tarin, hereinafter referred to as Romero and Tarin. The case also contains two defendants, Ralph P. Melbourne and Ralph Melbourne, hereinafter referred to as Melbourne.

The plaintiffs appeal an adverse jury verdict in a damage action arising out of a car collision which occurred between plaintiffs and defendants in Valencia County. We affirm.

The plaintiffs present five points for reversal: (1) the trial court erred in submitting the issue of the contributory negligence of Romero; (2) the court erred in submitting the issue of the contributory

negligence of Tarin, the passenger in the automobile of Romero; (3) the court erred in denying plaintiffs' motion for a new trial because of improper closing arguments of defense counsel; (4) the court erred in failing to grant plaintiffs' motion for a cautionary instruction on the closing arguments of defense counsel; (5) the court erred in instructing the jury pursuant to U.J.I.Civ. 14.1 and 17.8, thereby duplicating and emphasizing the instructions.

### Contributory Negligence of the Plaintiff Romero

The record reveals the plaintiff, Romero, was driving her automobile in which plaintiff, Tarin, was a passenger. Romero was driving in a westerly direction on Main Street in Los Lunas, New Mexico. Several cars were ahead of Romero; behind her came Melbourne's car. The cars ahead of Romero stopped suddenly and so did she. Romero did not collide with any of the cars in front of her; however, Melbourne's car hit plaintiffs' car from behind.

Other facts pertinent to the accident are in conflict. However, our problem is whether there is substantial evidence from which a reasonable inference can be drawn to conclude that Romero, who was driving, had stopped the automobile too suddenly or in a negligent manner. We must also determine whether there is substantial evidence from which a reasonable inference can be drawn to conclude that Tarin had failed in her duty as a passenger to exercise, under the circumstances, such care as an ordinarily prudent person would exercise. In considering this matter, we must view the evidence in the light most favorable to Melbourne who was the prevailing party below. *Gould v. Brown Construction Co.,* 75 N.M. 113, 401 P.2d 100 (1965); *Griego v. Marquez,* 89 N.M. 11, 546 P.2d 859 (Ct.App.1976).

The record indicates that, as she was driving, Romero was watching children ahead and in the roadway just before the collision. Romero admitted there was a lot of traffic and this was the usual situation at the particular time of day. The cars ahead of her stopped rather quickly; then, she stopped her car. The record does not indicate whether just prior to the accident Romero was looking at the cars ahead of her or looking behind at Melbourne's car.

Whether Romero stopped too suddenly is a question of fact for the jury. Whether Romero was watching the children in the roadway and not the cars in front is also a question of fact. Romero was able to avoid hitting the car in front but she got hit from behind by Melbourne's car which was traveling about half a car length behind. We believe the issue of Romero's negligence was properly submitted under the court's instructions No. 19 and No. 20 which are consistent with U.J.I.Civ. 13.1 and 13.12 respectively. The instructions read as follows:

"19. When I use the expression 'contributory negligence', I mean negligence on the part of the plaintiffs that proximately contributed to cause the alleged damages of which plaintiffs complain.

"20. In determining the issues of negligence and contributory negligence you are not to consider whether the plaintiffs were more or less negligent than the defendants. New Mexico law does not permit you to compare negligence.

"The plaintiffs cannot recover if they were negligent and that negligence was a proximate cause of the accident and alleged injuries even though you believe that the defendants may have been more negligent."

If there is any evidence from which a legitimate inference can be drawn and upon which reasonable minds might differ, than the question of Romero's contributory negligence is for the jury. Indeed, it is reversible error not to have the jury instructed upon all correct legal theories of a case which are supported by evidence. *Stephens v. Dulaney,* 78 N.M. 53, 428 P.2d 27 (1967).

We have viewed the evidence in the light most favorable to Melbourne and we conclude that the instructions were justified. See *Gould v. Brown Construction Co.,* supra.

### Contributory Negligence of the Plaintiff Tarin

Tarin contends there was error in submitting to the jury the issue of her negligence as a passenger. The trial court submitted the instructions on contributory negligence cited above and U.J.I.Civ. 9.5 which reads as follows:

"A passenger may be negligent. A passenger has a duty to use, for his own safety, such care as an ordinarily prudent person would exercise under the circumstances. A passenger may not sit idly by and permit himself to be driven carelessly to his injury where there are dangers which are known to him or which reasonably should be known to him.

"If you find that circumstances existed in this case immediately prior to the accident in question which would cause a passenger exercising ordinary care for his own safety to keep a lookout or warn the driver and that the plaintiff failed to so do then such failure is negligence."

 Plaintiff Tarin traveled the accident route daily and was aware of the heavy traffic. We have also viewed the evidence most favorable to Melbourne with respect to Tarin and we are persuaded that the instruction was justified. See *Gould v. Brown Construction Co.,* supra; *Kindschi v. Williams,* 86 N.M. 458, 525 P.2d 385 (Ct. App.1974).

### Improper Closing Arguments

The plaintiffs complain that the defense counsel made improper closing arguments to the jury. The arguments of defense counsel were not required to be reported verbatim by a court reporter at trial but were recorded on magnetic tape. Later, they were made available to the parties. Counsel's arguments were essentially a comment on the evidence. The cars were moving very slowly and stopping occasionally when they hit, and it was undisputed that very little damage occurred to plaintiffs' Volkswagen. No paint was chipped nor sheetmetal crimped on either car. The police officer who investigated the accident testified he saw no skid marks and he is-sued no citation. The only physical damage was a bent tailpipe on plaintiffs' car, yet chiropractic bills in excess of $4,000.00 were incurred. Plaintiffs gave the chiropractor a lien on a potential judgment to satisfy his charges, and the chiropractor had his office in the same building as plaintiffs' attorney. The defendants introduced expert medical testimony that plaintiffs had not suffered permanent physical injury. On these facts, defendants' counsel characterized the plaintiffs' cause of action as a "money-making" scheme which gave the law a bad name.

 At the time the defense counsel was making the alleged improper and inflammatory arguments to the jury, no objection was made. This issue was brought to the attention of the court when the plaintiffs filed a motion for a new trial. We believe that under the authority of *Gonzales v. General Motors Corporation,* 89 N.M. 474, 553 P.2d 1281 (Ct.App.1976) and under *Higgins v. Hermes,* 89 N.M. 379, 552 P.2d 1227 (Ct.App.1976) the trial court was correct in denying the motion for a new trial because there was no timely objection to defense counsel's arguments.

### Failure to Give Cautionary Instruction Relating to Closing Argument.

 The plaintiffs made a motion after closing argument asking the court to give an additional instruction advising the jury to disregard the argument of defense counsel which implied the plaintiffs, the chiropractor, and the lawyer were involved in a "money-making scheme." The court denied this motion. The record shows the court gave an instruction to indicate that argument of counsel is not evidence. U.J.I.Civ. 17.7. We believe this instruction was sufficient to advise the jury of their duty to decide the case upon the evidence presented not upon argument of counsel. In essence, the instruction which was given presented the rule sought by the plaintiffs. *Apodaca v. Miller,* 79 N.M. 160, 441 P.2d 200 (1968); *Gould v. Brown Construction Co.,* supra.

 Also, the conduct of the defense counsel was not such as would necessarily

prevent the jury from rendering a just verdict. The issue of whether counsel misconduct in statements to the jury should result in a new trial is left to the discretion of the trial court. See, e. g., *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969); *Mayer v. Sampson,* 157 Colo. 278, 402 P.2d 185 (1965). We are not persuaded that the plaintiffs received an unfair trial, or that their rights were prejudiced, notwithstanding plaintiffs' alleged error of misconduct on the part of defense counsel. *Apodaca v. United States Fidelity and Guaranty Co.,* 78 N.M. 501, 433 P.2d 86 (1967). The trial court did not abuse its discretion.

### Duplicate Instructions

■ The final assertion is that the court erred in instructing the jury pursuant to U.J.I.Civ. 14.1 and 17.8, thereby duplicating and emphasizing the instruction. The plaintiffs assert error, but give us no authority to support their contentions. The committee comment on the directions for use of U.J.I.Civ. 17.8 states:

"It is the intent that this subject matter be twice covered due to the natural sympathy for an injured plaintiff and to expedite the trial of the case."

We do not believe there is any merit to this alleged error; therefore, the trial court was correct in so instructing the jury. *Clinard v. Southern Pacific Company,* 82 N.M. 55, 475 P.2d 321 (1970).

Since we find no error, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

SUTIN, J., concurs.

HERNANDEZ, J., specially concurs.

HERNANDEZ, Judge (specially concurring).

I concur in the result only. I think there was error in giving the contributory negligence instruction, but I consider it harmless:

"[A] judgment will not be reversed by reason of an erroneous instruction, unless upon a consideration of the entire case, including the evidence, it shall appear that such error has resulted in a miscarriage of justice. The usual consequence is that there will be no cause for reversal unless the evidence indicates that without such error in the instructions the verdict probably would have been different from the verdict actually returned by the jury." *Shuey v. Asbury,* 5 Cal.2d 712, 55 P.2d 1160 (1936). Accord, *Commonwealth Life Insurance Company v. Gay,* 365 P.2d 149 (Okl.1961).

Although the negligence of the defendant in this case is admitted, the jury did not have to find the plaintiffs contributorily negligent to bring in a verdict for the defendant. There was evidence that the chiropractor who treated both plaintiffs had an interest in the case by virtue of an assignment made to him by the plaintiffs on the first day they went to him, giving him the right to the proceeds of any suit brought as a result of their injuries. The defendant's expert witness, Dr. Schultz, an orthopedic surgeon, testified that he could find no evidence of injury when he examined the plaintiffs fourteen months after the accident and that neither of them had any residual (permanent) injuries. He conceded that each of the plaintiffs might have had some degree of whiplash injury, but he said that he had only their subjective complaints as evidence that any such injuries had taken place. Both plaintiffs were still being treated by the chiropractor, Dr. James Lehmann, at the time of trial, about 20 months after the accident (Tarin had been in two further auto accidents since the one complained of here), and Dr. Schultz characterized Romero's treatment as "over treatment." Since there was a conflict in the evidence as to the degree of injury of the plaintiffs and since there was evidence that much of Dr. Lehmann's treatment may have been unnecessary and that Dr. Lehmann had a personal interest in prolonging the treatment, the jury had ample ground for deciding that the plaintiffs had suffered no compensable injuries as a result of the collision. It does not appear, therefore, that the inclusion of an erroneous instruction as to the contributory negligence of a

passenger has resulted in a miscarriage of justice. The error is harmless and does not require reversal.

As to the plaintiffs' claims of error with regard to improper closing arguments, failure to give a cautionary instruction relating to closing argument, and duplicate instructions, I concur in Judge Lopez' opinion.